UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 03-23243-CIV-JORDAN/Magistrate Judge Brown

KING'S JEWELERS, INC.

      Plaintiff,

v.

BRYAN WILLIAMS, a/k/a
BIRDMAN, and CASH MONEY RECORDS, INC.

      Defendant.

_____/

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS AND NOTICE OF FAILURE TO OPPOSE CMR'S MOTION TO DISMISS

      The Plaintiff, KING'S JEWELERS, INC. (hereinafter "King's" or "Plaintiff"), hereby files this Memorandum of Law In Opposition To Defendant's Motion To Dismiss For Lack Of Personal Jurisdiction And Insufficient Service Of Process And Notice of Failure to Oppose CMR's Motion to Dismiss (hereinafter "Response"), and submits the following:

### INTRODUCTION

      The Plaintiff, a Florida corporation, sued Defendants BRYAN WILLIAMS, a/k/a BIRDMAN (hereinafter "WILLIAMS") and CASH MONEY RECORDS, INC. (hereinafter "CMR") for breach of contract concerning the fabrication and sale of very specialized jewelry.  Although both of the Defendants are non-residents of the State of Florida, this Court may properly exercise personal jurisdiction over each of them, because the Plaintiff has alleged sufficient jurisdictional facts to fall within the scope of Florida's long-arm statute and to satisfy federal due process requirements.



Case No. 03-23243-CIV
King's Jewelers, Inc. v. Bryan Williams a/k/a Birdman and
Cash Money Records, Inc.

## I. Procedural Background

On or about October 24, 2003, the Plaintiff filed its Complaint in the Circuit Court of the Eleventh Judicial Circuit, In and For Miami-Dade County, Florida.   On or about November 10, 2003, the Plaintiff effectuated service of process on CMR's registered agent Brad D. Rose, Esquire, an attorney with the Law Offices of Pryor, Cashman, Sherman & Flynn in New York.  Defendant WILLIAMS has thus far evaded service, despite multiple diligent attempts by the Plaintiff to serve him at his published address.  (Exhibit "A", Steenkist Aff. at ¶ 9).  Defendant WILLIAMS has yet to make an appearance in this cause and no pleading or Motion been filed on his behalf.

On or about December 8, 2003, CMR filed its Notice of Removal, requesting that this case be removed from State Court to the District Court of the United States in and for the Southern District of Florida. This matter was subsequently so removed.

On or about December 18, 2003, CMR filed its Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process and Supporting Memorandum of Law (hereinafter the "Motion to Dismiss").  CMR's Motion to Dismiss sought dismissal of the Complaint solely on jurisdictional and procedural grounds, and only as to CMR.

On December 19, 2003, in response to CMR's Motion to Dismiss, the Plaintiff filed a Notice of Filing Verified Return of Service on Cash Money Records, Inc. c/o Brad D. Rose, Esquire, Registered Agent (hereinafter "Notice of Filing"), a copy of which is attached hereto as Exhibit "B".

On January 13, 2003, CMR filed its Notice of Plaintiff's Failure to Oppose CMR's Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process.

(2)

Case No. 03-23243-CIV
King's Jewelers, Inc. v. Bryan Williams a/k/a Birdman and
Cash Money Records, Inc.

## II. Factual Background

This is a case in which the Defendants WILLIAMS and CMR, collectively, jointly and severely, breached a valid contract with the Plaintiff for the purchase of highly specialized jewelry. (Complaint ¶ 8). Defendant WILLIAMS, an internationally known musician and a resident of the State of Louisiana, has yet to be served despite numerous and diligent efforts to do so. (Steenkist Aff. ¶ 9).

CMR is a Louisiana corporation of which WILLIAMS is an owner, officer, and one of its registered agents (Complaint ¶ 4). CMR is also registered to do business as a foreign corporation in New York State, where it lists Brad D. Rose, Esquire of Pryor, Cashman, Sherman & Flynn as another of its registered agents. See corporate records attached hereto as Composite Exhibit "C". CMR was served with process by and through Mr. Rose on or about November 10, 2003.

CMR has not sought to dismiss the Complaint on substantive grounds and does not allege that the Plaintiff has failed to state a cause of action for breach of contract against the Defendants. CMR seeks dismissal of the Complaint, apparently without prejudice, solely on the basis of a lack of personal jurisdiction and insufficient service of process. As further set forth below, CMR's Motion is without merit.

The Plaintiff has alleged in its Complaint, the exhibits to the Complaint, and the exhibits and Affidavits attached hereto, that the following events occurred with all parties physically present in Florida:

(3)

Case No. 03-23243-CIV
King's Jewelers, Inc. v. Bryan Williams a/k/a Birdman and
Cash Money Records, Inc.

A.      In May, 2003, the Defendants, while in the State of Florida were solicited by KING'S to purchase jewelry and otherwise to do business with KING'S.  ( Exhibit "D", KING Affidavit at ¶ 3).

B.      On or about May 12, 2003, the Defendants and the Plaintiff entered into extensive and protracted  negotiations for the sale of very specialized and unique jewelry to be utilized in a music video to be filmed later in the month in Miami Beach, Florida.   These negotiations occurred at a recording studio in North Miami, where the Defendant's were engaged in the business of recording music and making records. (KING Affidavit at ¶ 4).

C.      The negotiations resulted in an agreement whereby the Plaintiffs  would design and fabricate jewelry pursuant to the Defendants specifications and deliver the jewelry to the video shoot location for use therein.  All of the negotiations occurred while the Defendants were personally in Florida and the agreement was entered into while the Defendants were in Florida. (KING Affidavit at ¶ 5).

D.      Pursuant to the agreement, Plaintiffs designed and fabricated the specified jewelry for the Defendants. The Defendants requested and were permitted to oversee the design and fabrication process.  On at least two (2) separate occasions while in Florida, the Defendants requested alterations of and modifications to the jewelry.  (KING Affidavit at ¶ 6).

E.      In addition, the Plaintiffs solicited and obtained prior approval from the Defendants for the diamonds to be used in the making of the jewelry.  In sum, the Defendants oversaw and participated in every facet of the design and fabrication process of the jewelry while in Florida. (KING Affidavit at ¶ 7).

Case No. 03-23243-CIV
King's Jewelers, Inc. v. Bryan Williams a/k/a Birdman and
Cash Money Records, Inc.

F.     When the jewelry was completed, the Plaintiffs arranged for a limousine to pick up the Defendants from their location in Florida and to transport them to the Plaintiffs store location, in Bay Harbor, Florida. A Bill of Sale was then presented to the Defendants and demand for payment made while the Defendants were at the store. (KING Affidavit at ¶ 8).

G.     Payment was not made that time, but the Defendants represented that payment would be made in full the following week when the jewelry was delivered at the video shoot location in Florida. (KING Affidavit at ¶ 9).

These actions, as alleged by the Plaintiff, represent a course of dealing by the Defendants which established a sufficient connection with the State of Florida to warrant this Court's exercise of personal jurisdiction over them.

III. <u>Discussion</u>

A.     **<u>This Court may properly assert personal jurisdiction over the Defendants because the Defendants' contacts with Florida are sufficient to satisfy due process.</u>**

In order to establish personal jurisdiction over a non-resident defendant, courts must apply a two-part test. First, the court must determine whether the complaint alleges sufficient jurisdictional facts to fall within the scope of Florida's long-arm statute. Second, the court must determine whether the federal constitutional requirements of minimum contacts have been met. See <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462 (1985); <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945); <u>Venetian Salami Company v. Parthenais</u>, 554 So. 2d 499 (Fla. 1989). CMR concedes that

(5)

Case No. 03-23243-CIV
King's Jewelers, Inc. v. Bryan Williams a/k/a Birdman and
Cash Money Records, Inc.

the requirements of the Florida long-arm statute have been met (see Motion to Dismiss at ¶ 3).[1] The

facts as alleged by the Plaintiff also satisfy the second prong of the test.

The requisite minimum contacts supporting personal jurisdiction exist where Defendants'

conduct in connection with the foreign state is such that he should reasonably anticipate being haled

into court in that state.  See World-Wide Volkswagen Corp. v. Woodson , 444 U.S. 286 (1980);

Christus St. Joeseph's Health Sys. v. Witt Biomedical Corp., 805 So. 2d 1050 (Fla. 5th DCA 2002).

A defendant must have "fair warning" that a particular activity may subject him to the jurisdiction

of a foreign sovereign.  See Burger King Corp. at 472.  This "fair" warning requirement is satisfied

if the Defendant has "purposefully directed" his activities in the forum state, Keeton v. Hustler

Magazine, Inc., 465 U.S. 770 (1984), and litigation results from alleged injuries that "arise out of

or relate to" those activities.  See Burger King Corp. at 472.

Here, the Defendants directed their activities in Florida and purposefully availed themselves

of the privilege of conducting business activities within this state.  This is not a case which involves

an isolated  "interstate transaction" in which the Defendants' contact with Florida was "random",

"fortuitous",  or "attenuated", Cf. Venetian Salami Company v. Parthenais, 554 So. 2d 499 (Fla.

1989). Rather, the Defendants, amongst other activities: (1) negotiated with the Plaintiff, (2) entered

into a contract with the Plaintiff, (3) oversaw the design and fabrication of the subject jewelry, (4)

modified and altered the subject jewelry, (5) arranged for delivery of the subject jewelry, and (6)

---

[1]/ While satisfaction of any one of the several circumstances enumerated in Fla. Stat. §
48.193 does not automatically satisfy the due process requirement of minimum contacts, implicit
within several of the enumerated circumstances are sufficient facts which if proven, without
more, would suffice to meet those requirements.  See Venetian Salami Company at 502.

(6)

Case No. 03-23243-CIV
King's Jewelers, Inc. v. Bryan Williams a/k/a Birdman and
Cash Money Records, Inc.

agreed to make payment for the subject jewelry. The Defendants engaged in these activities all while in Florida pursuing and in furtherance of their general business endeavors of making records and music videos. In so doing, the Defendants have created a substantial connection with the State of Florida sufficient to establish personal jurisdiction. See for example Future Tech International, Inc. v. Tae IL Media, Ltd., 944 F. Supp. 1538 (S.D. Fla. 1996) (Substantial negotiations conducted between the parties occurring in the forum state, which lead to the formation of a contract, helped the Court find that there were sufficient basis for purposes of establishing personal jurisdiction). Miot v. Kechijian, 830 F. Supp 1460 (S.D. Fla. 1993) (Nonresident officers of a corporation held meetings and engaged in significant negotiations in Florida, so as to create sufficient contacts in Florida, such that exercise of personal jurisdiction over them satisfied the due process requirement of minimum contacts).

CMR's assertion that its only connection with Florida was to "breach a contract for goods ordered in the foreign state" is at the very least flippant, and at most, disingenuous. To accept this assertion is to ignore the unrebutted allegations of the Plaintiff, which detail the prior negotiations and course of dealings which occurred between the parties in Florida.

The Defendants rely on cases such as Christus St. Joeseph's Health Sys. v. Witt Biomedical Corp., 805 So. 2d 1050 (Fla. 5th DCA 2002), O'Brien Glass Co. v. Miami Wall Sys., Inc. 645 So. 2d 142 (Fla. 3d DCA 1994), Payless Drug Stores Northwest, Inc. v. Innovative Clothing Exchange, Inc., 615 So. 2d 249 (Fla. 3d DCA 1993) and Marsh Supermarkets, Inc. v. Queen's Flower Corp., 696 So. 2d 1207 (Fla. 3d DCA 1997) to assert the proposition that a party who simply places an order for goods with a Florida company and agrees to make payment for those goods in Florida, has

(7)

not established minimum contacts with Florida so as to allow a suit to be brought within the State. Each of these cases are distinguishable on the facts. Here, protracted negotiations occurred in Florida prior to the contract being formed. The Defendant's oversaw the design and fabrication of the subject jewelry from Florida, and planned to use the jewelry in the course of business they were conducting in Florida. See for example Miot at 1464; Venetian Salami Company at 501.

   B.      **Plaintiff effected valid service of process on CMR.**

   The Federal Rules of Civil Procedure provide that service of process on a corporate defendant shall be effectuated pursuant to the law of the State in which the District Court is located, the law of the state in which service is effected, or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. See Federal Rule of Civil Procedure 4(h)(1).

   In Florida, valid service of process may be effected on a corporation by serving the agent designated by the corporation under Fla. Stat. § 48.091. Similarly, New York law provides that valid service of process may be had on a corporation by serving any officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service. A business corporation may also be served pursuant to section 306, which allows service of process on **a registered agent**. [Emphasis added]. See N.Y. Civil Practice Law and Rules § 311.

   As set forth above, service of process was effectuated on Brad D. Rose, Esquire as the listed registered agent of CMR on or about November 10, 2003. See Affidavit of Service, previously filed

(8)

Case No. 03-23243-CIV
King's Jewelers, Inc. v. Bryan Williams a/k/a Birdman and
Cash Money Records, Inc.

and attached hereto.  Mr. Rose is designated as the registered agent for CMR pursuant to the publicly

filed corporate register in and for the State of New York.  <u>See</u> the Corporate Record Reports and

Research from the New York Secretary of State previously attached hereto as Exhibit "C".

Accordingly, the unsubstantiated declaration of Edward Grorer, which is attached as the only exhibit

to the Motion to Dismiss, that "the only registered agents for CMR are BRYAN WILLIAMS and

RONALD WILLIAMS" appears to be flatly incorrect.  Moreover, Mr. Grorer's unsubstantiated

assertion that Brad B. Rose, Esquire, "is not CMR's registered agent" also appears to be flatly

incorrect.

Defendant also alleges that Plaintiff has failed to comply with Fla. Stat. §48.194, which

requires that when service of process is made on persons outside of the State of Florida "an affidavit

of the officer (authorized to serve process) shall be filed, stating the time, manner, and place of

service.  As further set forth herein, Plaintiff has filed the required Affidavit.  <u>See</u> Notice of Filing

attached previously hereto as Exhibit "B" and the Verified Return of Service.

C.      <u>Procedural Exceptions to Granting the Motion to Dismiss</u>

Finally, Defendant CMR has requested dismissal of the complaint based upon Plaintiff's

failure to file a Response to their Motion to Dismiss in a timely manner pursuant to Local Rule

7.1.C.1.  The Notice of Failure to Oppose CMR's Motion to Dismiss for Lack of Personal

Jurisdiction and Insufficient Service of Process and accompanying Order on the same should be

denied on the basis of the Plaintiffs' Notice of Filing submitted to the Court **just one day after** the

Case No. 03-23243-CIV
King's Jewelers, Inc. v. Bryan Williams a/k/a Birdman and
Cash Money Records, Inc.

Plaintiff received the Motion to Dismiss.[2]

Moreover, the Court should not enter CMR's proposed Order in this case because the Plaintiff has now filed this Memorandum of Law reasonably proximate to the date it was due and because Local Rule 7.1.C.1 is generally applied only where the violation has been far more egregious and repetitive. Even then, the violating party is generally given a reasonable opportunity to comply with the Local Rule prior to the Court granting a dismissal. See generally Crespo v. Shy Chefs, Inc., 2003 WL 22466213 (S.D. Fla. 2003); Lopez v. Ingram Micro, Inc., 1997 WL 605780 (S.D. Fla. 1997).[3]

## IV. Conclusion

For the foregoing reasons, the Court should deny defendant CMR's Motion to Dismiss.

---

[2]/ Southern District of Florida Local Rule 7.1.C.1, states, "Each party opposing a motion shall serve an opposing memorandum of law not later than ten days after the service of the motion as computed in the Federal Rules of Civil Procedure. Failure to do so **may** be deemed sufficient cause for granting the motion by default." [Emphasis added].

[3]/ The proposed Order granting the dismissal submitted by CMR is also inappropriate because it does not state as it should, that any dismissal would be without prejudice. In addition, the proposed Order is inaccurate in that it seeks "dismissal of the Complaint" even though such relief, such relief has only been requested on behalf of Defendant CMR, not Defendant WILLIAMS.

Case No. 03-23243-CIV
*King's Jewelers, Inc. v. Bryan Williams a/k/a Birdman and*
*Cash Money Records, Inc.*

DATED this _I5_ day of January, 2004.

MILLER, SCHWARTZ & MILLER, P.A.
Attorneys for Plaintiffs
2435 Hollywood Boulevard
Hollywood, Florida 33020
Telephone: (954) 924-0300
Telefax: (954) 924-0311

By: _____
MICHAEL B. GILDEN
FLA. BAR NO. 0569801
CHARLES FOX MILLER
FLA. BAR NO. 0970270

(11)

Case No. 03-23243-CIV
King's Jewelers, Inc. v. Bryan Williams a/k/a Birdman and
Cash Money Records, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Memorandum of Law

In Opposition To Defendant's Motion To Dismiss For Lack Of Personal Jurisdiction And

Insufficient Service Of Process And Notice of Failure to Oppose CMR's Motion to Dismiss was

furnished by U.S. Mail to Spencer H. Silverglate, Esquire, Hannesson I. Murphy, Esquire, Clarke

Silverglate Campbell, Attorneys for Defendant,  Williams & Montgomery, 799 Brickell Plaza,

Suite 900, Miami, Florida 33131, this 15ᵗʰ day of January, 2004.

MICHAEL B. GILDEN
CHARLES FOX MILLER

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTICT OF FLORIDA

CASE NO. : 03-23243 CIV Jordan

KING'S JEWELERS,

     Plaintiff,

vs.

BRYAN WILLIAMS a/k/a BIRDMAN,

     Defendant.

_____/

## **AFFIDAVIT OF JOHN VAN STEENKISTE**

STATE OF FLORIDA

COUNTY OF BROWARD

BEFORE ME, THE UNDERSIGNED AUTHORITY, THIS DAY PERSONALLY APPEARED, JOHN VAN STEENKISTE, WHO UPON BEING FIRST DULY SWORN, UPON HIS OATH, DEPOSES AND SAYS:

AFFIANT IS A LICENSED INVESTIGATOR OF COMPASS INVESTIGATIONS A LICENSED PRIVATE INVESTIGATIVE AGENCY, AND STATES THAT HE HAS MADE A DUE AND DILIGENT SEARCH BY PERFORMING EACH OF THE FOLLOWING ACTS SET FORTH BELOW AND THAT HE HAS BEEN UNABLE TO LOCATE THE SUBJECT.

SUBJECT NAME: **BRYAN WILLIAMS**

LAST KNOWN ADDRESS OF THE SUBJECT: 100 James Drive #130, Sain: Rose, LA 70087. The current address of the subject is unknown at this time.

1:    INQUIRY OF PERSONAL INFORMATION:

    A.    SOCIAL SECURITY NUMBER:

Inquiry reveals that the subject's social security number, to wit: 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 is listed to the subject at the address of 100 James Drive #130, Sair t Rose, LA 70087

EXHIBIT

"A"

CASE NO. : 03-23243 CIV Jordan

B.  EMPLOYMENT SEARCH:

Our investigation reveals that the subject is currently self-employed and has several companies/corporations in which he is associated with.

2.  INQUIRY OF TELEPHONE COMPANY

A.  DIRECTORY ASSISTANCE SEARCH:

Directory Assistance located in Saint Rose, LA indicated that there is a listing for Cash Money Records, Inc., at 100 James Drive #130, Saint Rose, LA 70087, to wit: (504) 466-5115.  However, this is a business in which the subject is associated with, and he rarely is in the office.

3.  INQUIRY OF MOTOR VEHICLE DIVISION DEPARTMENT

There is no listings found for subject in State Motor Vehicle title files.

4.  INQUIRY OF UNITED STATES POST OFFICE CONCERNING FORWARD ADDRESS:

Freedom of information request forms were sent to the following addresses in an attempt to obtain additional information on the subject:

a.  7 Bonita Bay Court, New Orleans, LA  70131
b.  420 Metairie Hammond Hwy, Metairie, LA  70115
c.  2615 Valence St, New Orleand, LA  70115
d.  100 James Drive #130, Saint Rose, LA  70087

5.  FLORIDA VESSEL SEARCH:  No record could be located on the subject.

6.  NATIONWIDE MASTERFILE DEATH SEARCH:  No record could be located on the subject.

7.  NATIONWIDE AIRCRAFT SEARCH:  No record could be located on the subject.

8.  NATIONWIDE PILOT SEARCH:  No record could be located on the subject.

CASE NO. : 03-23243 CIV Jordan

9.    PROPERTY SURVEY:

Process Server attempted service at 100 James Drive #130, Saint Rosa, LA 70087 approximately ten (10) times and reported to affiant that this is an office. The process server cannot gain access into the building without the permission of the secretary in suite #130. On each attempt, the process server was told that the subject was not available for service and he would have to return.

10.   AFFIANT ADDITIONAL COMMENTS:

Florida and Federal Department of Corrections have no record of the subject being incarcerated.

11.   SUBJECT IS OVER EIGHTEEN (18) YEARS OF AGE.


JOHN VAN STEENKISTE

COMPASS INVESTIGATIONS
408 SOUTH ANDREWS AVENUE, SUITE 205
FORT LAUDERDALE, FLORIDA 33301
(954) 527-5722


SUBSCRIBED AND SWORN TO BEFORE ME THIS 14th DAY OF JANUARY, 2004, BY AFFIANT WHO IS PERSONALLY KNOWN TO ME.


NOTARY PUBLIC

OFFICIAL NOTARY SEAL
SHERYL ATTAWAY
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. DD000505
MY COMMISSION EXP. OCT. 17,2005

MY COMMISSION EXPIRES:_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 03-23243-CIV-JORDAN/Magistrate Judge Brown

KING'S JEWELERS, INC.

      Plaintiff,

v.

BRYAN WILLIAMS, a/k/a
BIRDMAN, and CASH MONEY RECORDS, INC.

      Respondent

_____/

## NOTICE OF FILING VERIFIED RETURN OF SERVICE

The Plaintiff KING'S JEWELERS, INC., by and through its undersigned attorneys,

hereby files this Notice of Filing Verified Return of Service on Cash Money Records, Inc. c/o

Brad D. Rose, Esquire, Registered Agent.

DATED this _19_ day of December, 2003.

                    MILLER, SCHWARTZ & MILLER, P.A.
                    Attorneys for Plaintiffs
                    2435 Hollywood Boulevard
                    Hollywood, Florida 33020
                    Telephone: (954) 924-0300
                    Telefax: (954) 924-0311

By: _____
                    CHARLES FOX MILLER
                    FLA. BAR NO. 0970270



EXHIBIT
B

Case No. 03-23243-CIV
King's Jewelers, Inc. v. Bryan Williams a/k/a Bridman and
Cash Money Records, Inc.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Filing was

furnished by U.S. Mail to Spencer H. Silverglate, Esquire, Hannesson I. Murphy, Esquire

Clarke Silverglate Campbell, Attorneys for Defendant, Williams & Montgomery, 799 Brickell

Plaza, Suite 900, Miami, Florida 33131, this _19_ day of December, 2003.

CHARLES FOX MILLER

(2)

# VERIFIED RETURN OF SERVICE

State of Florida                    County of MIAMI-DADE                    Circuit Court

Case Number: 03-25197 CA 02

Plaintiff:
KING'S JEWELERS,
vs.
Defendant:
BRYAN WILLIAMS, A/K/A BIRDMAN,

For: Charles Fox Miller
     MILLER, SCHWARTZ & MILLER, P.A.

Received by COMPASS INVESTIGATIONS on the 27th day of October, 2003 at 11:21 am to be served on CASH MONEY RECORDS, INC., C/O BRAD D. ROSE, ESQUIRE, REGISTERED AGENT, LAW OFFICES OF PRYOR, CASHMAN, SHERMAN & FLYNN, 410 PARK AVENUE, NEW YORK, NY 10022 I. _Byran E. McElderry_, being duly sworn, depose and say that on the _7th_ day of _Nov._, 20_03_ at _14:2_ l m., executed service by delivering a true copy of the SUMMONS AND COMPLAINT in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

( ) SUBSTITUTE SERVICE: By serving _____ as _____

(X) CORPORATE SERVICE: By serving _Richard Randig_ as __Managing Clerk — Authorized__.

( ) OTHER SERVICE: As described in the Comments below by serving _____ is _____

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS: _____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _10th_ day
of _November_, 20_03_ by the affiant who is
personally known to me.

NOTARY PUBLIC

JOEL GRABER
Notary Public, State of New York
No. 02GR4699723
Qualified in New York County
Commission Expires Feb. 10, 2006

PROCESS SERVER #: _869802_
Appointed in accordance
with State Statutes

COMPASS INVESTIGATIONS
408 South Andrews Avenue
Suite 205
Fort Lauderdale, FL 33301
(954) 527-5722
Our Job Serial Number: 2003012526

Copyright © 1992-2001 Database Services, Inc. - Process Server's Toolbox V5.5f

**AutoTrack Home**    **Feedback**    **Results Manager**    **New Search**    **Sign Off**    **Online Support**    **Permissible Use**    **Referen**

# Detail
# Corporate Records

__Order a Report based on this Detail__ | __Previous Screen__



| NEW YORK SECRETARY OF STATE |
|---|

| | |
|---|---|
| Name: | **CASH MONEY RECORDS, INC.** |
| Type: | **FOREIGN BUSINESS** |
| Status: | **ACTIVE - INCORPORATION/APPLICATION FOR AUTHORIT** |
| Date Incorporated: | **07/10/2000**    Foreign State of Incorporation:    **LOUISIANA** |
| Corporation Number: | **2529239**    FEI Number: |

| Corporation Officers: |
|---|

| H | **PRYOR CASHMAN SHERMAN & FLYNN** | **REG AGENT** | **NY** |
|---|---|---|---|
| | **PRYOR CASHMAN SHERMAN & FLYNN** | **REG AGENT** | **NEW YORK, NY 10022** |

| Corporation Addresses: |
|---|

Address Type:    **MAILING ADDRESS**
**c/o PRYOR CASHMAN SHERMAN & FLYNN**
**410 PARK AVENUE**
**ATTN: BRAD D ROSE ESQ**
**NEW YORK NY 10022**

| Additional Corporation Information: |
|---|

| | |
|---|---|
| Date: | **07/10/2000** |
| Type: | **APPLICATION AUTHORITY (FOREIGN BUSINESS)** |

EXHIBIT

__( C )__

FROM : COMPASS INVESTIGATIONS    Case 1:03-cv-23243-AJ   Document 7   Entered on FLSD Docket 01/16/2004   Page 20 of 28    P   'E NO. : 954 527 4451

ittp://www.irbsearch.com - Corporation Report                                                     Page 1 of

 **State of New York**

Charter Number: 2529239

**CASH MONEY RECORDS, INC. - As of: 04/21/2003**
Address: ATTN BRAD D ROSE ESQ, NEW YORK NY 10022
Address Type: REGISTERED AGENT ADDRESS
Status: ACTIVE
Date Incorporated: 07/10/2000
Terms: Perpetual
Type: FOREIGN BUSINESS
Registered Agent: PRYOR CASHMAN SHERMAN & FLYNN, ATTN: BRAD D. ROSE, ESQ., NEW YORK, NY 10022
FEIN:
Incorporation State:

**OFFICERS AND DIRECTORS:**

**CASH MONEY RECORDS, INC. - As of: 04/21/2003**
Officer: , REGISTERED AGENT, ATTN BRAD D ROSE ESQ, NEW YORK NY 10022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 03-23243-CIV-JORDAN/Magistrate Judge Brown

KING'S JEWELERS, INC.

     Plaintiff,

v.

BRYAN WILLIAMS, a/k/a
BIRDMAN, and CASH MONEY RECORDS, INC.

     Defendant.

_____/

STATE OF FLORIDA     )
                )ss:
COUNTY OF MIAMI-DADE    )

### AFFIDAVIT OF DAVID KING

1.    My name is David King, I am an owner and employee of KING'S JEWELERS,

INC. ("KING'S"), and I have personal knowledge of the facts and circumstances herein.

2.    KING'S is a domestic for profit corporation licenced to transact business in the

State of Florida.

3.    The Defendants, BRYAN WILLIAMS, a/k/a BIRDMAN and CASH MONEY

RECORDS, INC. ("CMR"), are in the recording industry. In May, 2003, the Defendants, while

in the State of Florida were solicited by me to purchase jewelry and otherwise to do business

with KING'S.

4.    On or about May 12, 2003, the Defendants and I on behalf of KING'S entered into

extensive negotiations pursuant to which KING'S would fabricate on behalf of the Defendants

very specialized and unique jewelry to be utilized in a music video to be filmed later in the



EXHIBIT

"D"

Case No. 03-23243-CIV
King's Jewelers, Inc. v. Bryan Williams a/k/a Birdman and
Cash Money Records, Inc.

month in Miami Beach. These negotiations occurred at a music studio in North Miami, Florida

which was where the Defendants were recording music.

5.      The negotiations resulted in an agreement whereby KING'S would design and

fabricate the jewelry pursuant to the Defendants specifications and deliver the jewelry to the

video shoot location for its use in the video. All of the negotiations occurred while the

Defendants were personally in Florida and the agreement was entered into while the Defendants

were in Florida.

6.      Pursuant to an express agreement, KING'S designed and fabricated the specified

jewelry for the Defendants. The Defendants requested and were permitted to oversee the design

and fabrication process. On at least three (3) separate occasions while in Florida, the Defendants

requested alterations of and modifications to the jewelry.

7.      Also, while in Florida, Defendants were asked to approve and in fact approved the

specific diamonds to be used in making the jewelry. In sum, the Defendants oversaw and

participated every facet of the design and fabrication process of the jewelry while in Florida.

8.      When the jewelry was completed, KING'S arranged for a limousine to pick up the

Defendants from where they were staying in Florida and to transport them to KING'S store

location in order to effectuate payment for the jewelry. A Bill of Sale was presented to the

Defendants and demand for payment made while the Defendants were at KING'S store location.

9.      Payment was not made that time, but the Defendants represented that payment

would be made in full the following week when the jewelry was delivered at a different video

shoot also to be held in Florida, a week after the initial delivery date.

Case No. 03-23243-ClV
King's Jewelers, Inc. v. Bryan Williams a/k/a Birdman and
Cash Money Records, Inc.

10.    Despite KING'S attempt to deliver the jewelry to the Defendants at the video

shoot on Miami Beach as agreed, and despite additional attempts to complete the transaction

thereafter, the Defendants refused to accept delivery or otherwise tender payment therefore.

FURTHER YOUR AFFIANT SAYETH NOT.

_____
DAVID KING

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the

State aforesaid and in the County aforesaid to take acknowledgments, personally appeared

DAVID KING, who is personally known to me or produced _____ as

identification and who executed the foregoing, and he acknowledged before me that he executed

the same voluntarily, and who did take an oath.

WITNESS my hand and official seal in the County and State last aforesaid this 14 day

of JANUARY, 2004.

_____
NOTARY PUBLIC

NICOLINA L. CARRANO
MY COMMISSION # CC 935082
EXPIRES: May 9, 2004
Bonded Thru Notary Public Underwriters