UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 03-23243-CIV-JORDAN/Magistrate Judge Brown

KING'S JEWELERS, INC.

    Plaintiff

v.

BRYAN WILLIAMS, a/k/a
BIRDMAN, and CASH
MONEY RECORDS, INC.

    Defendants.
_____/

NIGHT BOX FILED
JAN 23 2004
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## CMR'S REPLY TO PLAINTIFFS' RESPONSE TO CMR'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

Defendant, Cash Money Records, Inc. ("CMR"), serves this Memorandum of Law in reply to Plaintiff's, King's Jewelers, Inc.'s, Response to CMR's Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process.

### I. Introduction

Plaintiff claims that CMR subjected itself to personal jurisdiction in Florida by ordering and overseeing the fabrication of jewelry. Even if the Court accepts all of the Plaintiff's allegations as true, they are insufficient as a matter of law to constitute sufficient minimum contacts with Florida. Additionally, CMR's corporate papers conclusively show that Plaintiff failed to effect service of process on CMR. Accordingly, the Court should dismiss this lawsuit.



COLATE CAMPBELL WILLIAMS & MONTGOMERY

CASE NO. 03-23243-CIV-JORDAN/Magistrate Judge Brown

## II. Discussion

### A. The Court Lacks Personal Jurisdiction Because CMR Does Not Have Sufficient Minimum Contacts with Florida.

Plaintiff claims that CMR has sufficient minimum contacts with Florida to support the Court's exercise of long-arm jurisdiction in Florida because CMR (1) negotiated with Plaintiff, (2) entered into a contract with Plaintiff, (3) oversaw the design and fabrication of jewelry, (4) modified and altered the jewelry, (5) arranged for the delivery of the jewelry, and (6) agreed to make payment for the jewelry. (Doc. #7 at 6). According to the Complaint, Plaintiff began negotiations with Defendants on May 12, 2003, Defendants returned to inspect and approve the jewelry on May 18, 2003, and Plaintiff prepared a bill of sale on May 20, 2003, which Defendants ultimately refused to pay.[1] (Complaint ¶¶ 13-16).

CMR denies these allegations. However, even if the Court were to accept each and every one of these allegations as true, they still are insufficient as a matter of law to constitute sufficient minimum contacts with the State of Florida.[2] As set forth in more detail in CMR's Motion to Dismiss, breaching a contract by failing to pay for goods that are ordered in Florida and with payment to be made in Florida is insufficient to establish minimum contacts to warrant the assertion of personal jurisdiction over a non-resident corporation. See, e.g., Marsh v. Marsh Supermarkets, Inc. v. Queen's Flowers Corp., 696

---

[1] Although Plaintiff alleges in the Complaint that the Bill of Sale was dated May 20, 2003, the exhibit attached to the Complaint bears the date of May 12, 2003.

[2] Accordingly, an evidentiary hearing is not necessary to resolve these issues. See Venetian Salami Co. v. Parthenais, 554 So. 2d 499 (Fla. 1989)(holding that evidentiary hearing on issue of personal jurisdiction is necessary only when the plaintiff's and defendant's affidavits on personal jurisdiction cannot be reconciled).

2

CASE NO. 03-23243-CIV-JORDAN/Magistrate Judge Brown

So. 2d 1207 (Fla. 3d DCA 1997).

Plaintiff fails to cite a single case in which a court found sufficient minimum contacts against a non-resident defendant that simply ordered merchandise in Florida, inspected the merchandise and refused to pay for it. This is because there are none. Moreover, the cases on which Plaintiff does rely are inapposite. For example, Future Tech Int'l, Inc. v. Tae II Media, Ltd., 944 F.Supp. 1538 (S.D. Fla. 1996), involved the purchase of computer equipment by a Florida buyer from a Korean manufacturer. The Court found that there was personal jurisdiction over the Korean manufacturer because it had engaged in substantial and not isolated activities in Florida. Specifically, it traveled to Florida on at least six separate occasions over the course of a year to participate in meetings regarding the computers that the plaintiff ordered and also to discuss future business relations in Florida between the two companies. Similarly, the court in Miot v. Jechijian, 830 F.Supp. 1460 (S.D. Fla. 1993), found that there was personal jurisdiction in Florida over North Carolina and Kansas residents who had repeatedly met with a Florida resident in Miami, Florida, over the course of two years to negotiate the creation of an investment company that would conduct ongoing business in Florida.

Neither Future Tech nor Miot involved the purchase of merchandise in Florida by a non-resident corporation.[3] Additionally, unlike those cases, the negotiations alleged here took place not over the course of years, but one week. Furthermore, unlike the non-resident defendants in Future Tech and Miot, there is no evidence here that CMR

---

[3]Although Future Tech did involve the purchase of merchandise, the purchaser – the plaintiff – was a Florida corporation.

CASE NO. 03-23243-CIV-JORDAN/Magistrate Judge Brown

contemplated conducting business with Plaintiff on an ongoing basis. Thus, Plaintiff's reliance on these cases is misplaced.

In addition to failing to cite a case on point, Plaintiff improperly dismisses the cases cited by CMR on the grounds that the Defendants repeatedly visited its facility to inspect the jewelry after placing the order and that this somehow transformed the isolated activity of ordering the jewelry into a substantial connection with Florida sufficient to warrant the imposition of personal jurisdiction. (Doc. # 7 at 8). As an initial matter, CMR does not see how a handful of meetings over the course of a week to review the design of jewelry amounts to what Plaintiff describes as "protracted negotiations." (Id.). Nevertheless, a review of the cases cited by CMR shows that Plaintiff's interpretation of the law is incorrect.

For example, in Rosenberg Bros & Co. v. Curtis Brown Co., the Supreme Court of the United States held that the purchase of merchandise by a non-resident defendant while visiting New York, "**even if occurring at regular intervals**, would not warrant the inference that the corporation was present within the jurisdiction." Rosenberg, 260 U.S. 516, 518 (1923)(emphasis added). See also Alan Richard Textiles, Ltd. v. Vertilux, Inc., 627 So. 2d 529 (Fla. 3d DCA 1993)(the fact that the non-resident defendant consistently ordered goods from a Florida corporation over a fifteen month period was insufficient to obtain jurisdiction over the non-resident defendant). Similarly, in Marsh, which was discussed in detail in CMR's Motion to Dismiss, the placing of 105 separate orders for merchandise over the course of a year with a Florida corporation was insufficient to justify the application of personal jurisdiction. Furthermore, simply following up on the status of merchandise that previously was ordered in Florida also is insufficient. See O'Brien Glass Co. v. Miami Wall

CLARKE SILVERGLATE CAMPBELL WILLIAMS & MONTGOMERY
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

CASE NO. 03-23243-CIV-JORDAN/Magistrate Judge Brown

Sys., Inc., 645 So. 2d 142 (Fla. 3d DCA 1994)(non-resident defendant that made two separate orders for merchandise in Florida and which followed up on the status of the merchandise with telephone calls to Florida did not constitute sufficient minimum contacts with Florida).

Plaintiff next claims that Defendants were engaged in creating a music video in Florida at the time that Defendant Bryan Williams ("Williams") allegedly ordered the jewelry. (Doc. #7 at 4). Even if this is true, however, it is completely irrelevant to the issue of CMR's personal jurisdiction. The law is well established that where activities in the forum are unrelated to the specific conduct at issue in the lawsuit, the court can exercise personal jurisdiction only if general jurisdiction is established. See Demco Technologies, Inc. v. C.S. Eng'g Castings, Inc., 769 So. 2d 1128 (Fla. 3d DCA 2000). In order to establish general jurisdiction, a plaintiff must demonstrate that the defendant has maintained "continuous and substantial" forum affiliations. See American Overseas Mar. Corp. v. Patterson, 632 So. 2d 1124, 1128 (Fla. 1st DCA 1994), citing Nicolaisen v. Toei Shipping Co. Ltd., 722 F.Supp. 1162 (D.N.J. 1989). General jurisdiction requires greater contacts between the defendant and the forum than the "minimum contacts" required to establish "specific jurisdiction." Id.

In this case, Plaintiff does not present any evidence whatsoever that CMR or Williams engaged in a continuous and not isolated business activity in Florida. Accordingly, these allegations are meritless. See Demco Technologies, Inc., 769 So. 2d at 1128 (rejecting argument that non-resident defendant's sporadic sales to Florida governmental entities subjected defendant to personal jurisdiction in Florida where the

CLARKE SILVERGLATE CAMPBELL WILLIAMS & MONTGOMERY
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

CASE NO. 03-23243-CIV-JORDAN/Magistrate Judge Brown

sales were unrelated to the promissory note upon which the defendant was sued).

In short, even accepting all of the allegations set forth in Plaintiff's Response as true, the ordering of merchandise in Florida, the inspection of merchandise in Florida and the failure to pay for the merchandise in Florida are insufficient as a matter of law to constitute minimum contacts warranting the application of personal jurisdiction in Florida. See, e.g., Marsh, 696 So. 2d at 1209 (non-resident corporation's purchases from a Florida vendor with its alleged failure to make payment in Florida are insufficient to establish minimum contacts with Florida so as to allow it to be sued in Florida). Accordingly, dismissal is warranted.

**B.    Plaintiff Failed to Effect Service of Process on CMR.**

Plaintiff claims that Brad D. Rose and/or the law firm with whom he is affiliated, Pryor Cashman Sherman & Flynn are the registered agents for CMR in New York. (Doc. #7 at 8). In support of this claim, Plaintiff attached as Exhibit C and D to their Response some computer printouts, apparently generated by a company called Compass Investigations, which purport to show that Brad D. Rose and Pryor Cashman are CMR's registered agents in New York. This information, however, is incorrect. (Exhibit 1, Rose Declaration, ¶10). According to CMR's Application for Authority, which was filed with the New York Department of State on July 10, 2000, the Secretary of State for the State of New York – not Brad D. Rose – is designated as the agent for purposes of receiving service of process. (Id., ¶8). Rose simply is listed as the person that the Secretary of State should mail process to in the event that the Secretary of State is served. (Id.). Rose's status has not changed since these papers were filed. (Id., ¶9). Accordingly, Rose

6

CASE NO. 03-23243-CIV-JORDAN/Magistrate Judge Brown

is not and never has been the registered agent for CMR.

There is no dispute that Plaintiff failed to serve the Secretary of State of the State of New York in this case. Accordingly, Plaintiff's attempt to serve Rose as the "registered agent" for CMR is invalid as a matter of law. See, e.g., Chow v. Kenteh Enterp. Corp., 564 N.Y.S.2d 426 (N.Y. App. Div. 1991)(holding that service of process on attorney listed as person to whom Secretary of State would mail copy of process served on Secretary of State was insufficient to acquire personal jurisdiction over corporate defendant where attorney was not person authorized to accept service and Secretary of State was not served).

## III. Conclusion

For the foregoing reasons, the Court should dismiss the Complaint.

Respectfully submitted,

CLARKE SILVERGLATE CAMPBELL
    WILLIAMS & MONTGOMERY
Attorneys for Cash Money Records, Inc.
799 Brickell Plaza, Suite 900
Miami, Florida 33131
Phone: 305/377-0700
Fax: 305/377-3001

By _____
Spencer H. Silverglate
Florida Bar No. 769223
Hannesson I. Murphy
Florida Bar No. 0128589

7

CASE NO. 03-23243-CIV-JORDAN/Magistrate Judge Brown

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was faxed and mailed to Charles Fox Miller, MILLER, SCHWARTZ & MILLER, P.A., 2435 Hollywood Blvd., Hollywood, FL 33020 on January 23, 2004.

CLARKE SILVERGLATE CAMPBELL
WILLIAMS & MONTGOMERY

By _____
Hannesson I. Murphy

491-1/143380

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 03-23243-CIV-JORDAN/Magistrate Judge Brown

KING'S JEWELERS, INC.

    Plaintiff

v.

BRYAN WILLIAMS, a/k/a
BIRDMAN, and CASH
MONEY RECORDS, INC.

    Defendants.
_____/

### DECLARATION OF BRAD D. ROSE

1.    My name is Brad D. Rose, and I have personal knowledge of the facts herein.

2.    I am an attorney licensed to practice law in the State of New York, and am affiliated with the law offices of Pryor Cashman Sherman & Flynn ("Pryor Cashman").

3.    I have represented and continue to represent Cash Money Records, Inc. ("CMR") in various intellectual property and other commercial matters in New York.

4.    I am not CMR's registered agent for the purposes of service of process in New York and have never been CMR's registered agent for the purposes of service of process in any state.

5    Pryor Cashman is not CMR's registered agent for the purposes of service of process in New York and has never been CMR's registered agent for the purposes of service of process in any state.

6    I am not an officer, director, manager or employee of CMR.

7.    The only registered agents for CMR are Bryan Williams and Ronald Williams.


EXHIBIT 1

8.  I supervised the preparation of CMR's corporate documents that were filed with the New York Department of State. A true and correct copy of CMR's Application for Authority is attached as Exhibit A. Pursuant to Paragraph 5 of the Application for Authority, CMR specifically designated the Secretary of State of the State of New York as the agent upon whom process against it should be served. CMR also stated that in the event that the Secretary of State was served, that the Secretary of State should mail a copy of the process to Brad D. Rose, Esq. at Pryor Cashman Sherman & Flynn.

9.  A true and correct copy of the current, publicly available information concerning CMR on the New York Department of State's website is attached as Exhibit B. According to the materials filed by CMR with the New York Department of State and according to the New York Department of State's records, neither myself nor the Pryor Cashman law firm are, or ever have been, the registered agents for CMR. Instead, I simply am designated as the person to whom process should be mailed in the event that the New York Department of State is served with process on behalf of CMR.

10. I have reviewed the materials submitted by Plaintiff, King's Jewelers, Inc., and specifically Exhibits C and D attached to King's Jewelers, Inc.'s Memorandum of Law in Opposition to CMR's Motion to Dismiss, which purport to represent that I and/or Pryor Cashman are registered agents for CMR in New York. These documents are incorrect for the reasons set forth above.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 23, 2004.

_____
Brad D. Rose

491-1/143372

2

CT-07

F000710000 CT-07

**APPLICATION FOR AUTHORITY**
**OF**
**CASH MONEY RECORDS, INC.**

*Under Section 1304 of the Business Corporation Law*

Cash Money Records, Inc., a foreign corporation desiring to do business in the State of New York pursuant to the provisions of Section 1304 of the Business Corporation Law, HEREBY CERTIFIES:

FIRST: The name of the corporation is Cash Money Records, Inc.

SECOND: It was incorporated under the laws of the State of Louisiana on July 13, 1992.

THIRD: The purpose of the corporation is to engage in any lawful act or activity for which corporations may be organized under the New York Business Corporation Law provided that the corporation will not engage in any act or activity requiring the consent or approval of any state official, department, board, agency or other body without such consent or approval first being obtained.

FOURTH: The office of the corporation within the State of New York is to be located in the County of New York.

FIFTH: The Secretary of State of New York is hereby designated as the agent of the corporation upon whom process against it may be served; and the post office address to which the Secretary of State shall mail a copy of any process against it served upon him is:

> Brad D. Rose, Esq.
> Pryor Cashman Sherman & Flynn
> 410 Park Avenue
> New York, NY 10022

SIXTH: The corporation has not since its incorporation engaged in any activity in New York, except as set forth in paragraph (b) of Section 1301 of the Business Corporation Law.

186438

EXHIBIT A

IN WITNESS WHEREOF, I subscribe this Application and affirm that the statements made herein are true under the penalties of perjury, this 6th day of July, 2000.

Cash Money Records, Inc.

By: /s/ Ronald Williams
Ronald Williams
President

186438

2



**UNITED STATES OF AMERICA**
**State of Louisiana**

**Fox McKeithen**
**SECRETARY OF STATE**

As Secretary of State of the State of Louisiana, I do hereby Certify that

CASH MONEY RECORDS, INC.

A LOUISIANA corporation domiciled at ST. ROSE,

Filed charter and qualified to do business in this State on July 13, 1992.

I further certify that the records of this Office indicate the corporation has paid all fees due the Secretary of State, and so far as the Office of the Secretary of State is concerned is in good standing and is authorized to do business in this State.

I further certify that this Certificate is not intended to reflect the financial condition of this corporation since this information is not available from the records of this Office.

In testimony whereof, I have hereunto set my hand and caused the Seal of my Office to be affixed at the City of Baton Rouge on.

July 6, 2000

ABA 34411621D
Secretary of State

3

TOTAL P.02



C 000710000065

CT-07     CT-07

Application for Authority

of

CASH MONEY RECORDS, INC.

Under Section 1304 of the Business Corporation Law

STATE OF NEW YORK
DEPARTMENT OF STATE
FILED JUL 10 2000
TAX $
BY:

Brad D. Rose, Esq.
Pryor Cashman Sherman & Flynn
410 Park Avenue
New York, NY 10022

000710000074

**State of New York** } ss.:
**Department of State** }

I hereby certify that the annexed copy has been compared with the original document filed by the Department of State and that the same is a true copy of said original.

Witness my hand and seal of the Department of State on **JANUARY 22, 2004**



*Secretary of State*

DOS-200 (Rev. 03/02)

# NYS Department of State
## Division of Corporations

## Entity Information

Selected Entity Name:    CASH MONEY RECORDS, INC.

---

Current Entity Name: CASH MONEY RECORDS, INC.
Initial DOS Filing Date: 07/10/2000
County: NEW YORK
Jurisdiction: LOUISIANA
Entity Type: FOREIGN BUSINESS CORPORATION
Current Entity Status: ACTIVE

---

**DOS Process** (Address to which DOS will mail process if accepted on behalf of the entity)
PRYOR CASHMAN SHERMAN & FLYNN
ATTN: BRAD D. ROSE, ESQ.
410 PARK AVENUE
NEW YORK, NEW YORK 10022

**Registered Agent**
NONE

NOTE: New York State does not issue organizational identification numbers.

[ Search Results ] [ Search the Database ]

[ Division of Corporations, State Records and UCC Home Page ] [ NYS Department of State Home Page ]



EXHIBIT
B

http://wdb.dos.state.ny.us/corp_public/corp_wdb.corp_status_form_2.show?p_arg_names=...  1/22/2004