

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 03-23243-CIV-JORDAN/Magistrate Judge Brown

KING'S JEWELERS, INC.

Plaintiff,

v.

BRYAN WILLIAMS, a/k/a
BIRDMAN, and CASH MONEY RECORDS, INC.

Defendant.
_____________________________________/

**PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND STRIKE PLAINTIFF'S AMENDED AFFIDAVIT OF SERVICE**

The Plaintiff, KING'S JEWELERS, INC. (hereinafter "King's" or "Plaintiff"), hereby files this Response and Memorandum of Law In Opposition To Defendant's Motion to Dismiss and Strike Plaintiff's Amended Affidavit of Service, and submits the following:

**BACKGROUND**

1. Defendant Cash Money Records, Inc. (hereinafter referred to as "CMR"), has been validly served with process on multiple occasions, the latest of which occurred on June 4, 2004, by and through the Secretary of State of Louisiana.

2. Defendant Bryan Williams a/k/a Birdman (hereinafter referred to as "Williams" or "Defendant"), a world famous Hip-Hop star, has deliberately eluded process servers with the express purpose of evading service.[1] The Defendant lives in a large estate home that is

---

[1]/ The Plaintiffs hereby adopt and incorporate the facts and arguments as set forth in the Response and Memorandum of Law In Opposition To Defendant's Motion to Quash Subpoena for Trial and Plaintiff's Motion to Show Cause Why Bryan Williams a/k/a Birdman Should Not be Held in Contempt, filed on June 17, 2004.

surrounded by an electric fence to which access may be gained only though a call box. This effectively makes service of process at Williams' home impossible.[2] Moreover, when Williams leaves his home, he is accompanied by a phalanx of bodyguards and other security.

3. On May 17, 2004, Williams was confronted with service both in his individual capacity and as the registered agent for CMR, but refused to physically accept the paperwork.[3] See Amended Affidavit of Service, attached hereto as Exhibit "A". The complaints and summons's were then left with the Defendants' receptionist.

4. On June 17, 2004, the attorneys for Williams and CMR filed a Motion to Dismiss and Strike Plaintiff's Amended Affidavit of Service and Supporting Memorandum of Law (hereinafter referred to as the "Motion"). The Motion seeks to dismiss this action for lack of personal jurisdiction and insufficient service of process, as well as to strike the Plaintiff's Amended Affidavit of Service of Process. As set forth herein below, the Defendant's Motion should be denied.

---

[2]/ See Affidavit of John Van Steenkiste (with exhibits), attached hereto as Exhibit "C".

[3]/ On May, 31, 2004, Williams was served with a Subpoena for Trial while he was on South Beach, only a few miles away from the Courthouse. The subpoena compelled Williams attendance at the June 2, 2004 hearing on CMR's Motion to Dismiss. Williams did not honor that subpoena and was not present at the hearing.

**RESPONSE TO MOTION TO DISMISS AND STRIKE AND MEMORANDUM OF LAW**

**A. The Plaintiff has validly served CMR with process.**

5. Defendant CMR's argument with respect to service of process is both wrong, and at this point, moot. On June 4, 2004, the Plaintiff served the Secretary of State of Louisiana with a summons and complaint, which service was accepted. See Affidavit of Service attached hereto as Exhibit "B". Service on the Secretary of State was redundant, but eliminated any reasonable question that, CMR, by the laws of this jurisdiction and the state laws of both Louisiana and Florida, has been duly served.[4] See LSA-C.C.P. Art 1262; LSA-R.S. 13:3471; Fla R. Civ. P. 1.070; Fla. Stat. § 48.081; and Fed. R. Civ. P. 4.

**B. The Plaintiff has effectuated valid service of process on Williams and has personal jurisdiction over him.**

6. Since Williams has evaded service and is on constructive notice of this matter, he is subject to the jurisdiction of this Court. See Frank Keevan & Sons, Inc. v. Mid-Atlantic Pipe Company, 107 F.R.D. 665 (S.D. Fla 1985). A defendant who continually frustrates service of process through his own pattern of evasion should not thereafter be entitled to hide behind their own misdeeds. Id.; Luckey v. Smathers & Thompson, 343 So. 2d 53 (Fla. 3d DCA 1977); National Labor

---

4/ CMR has now been served with valid process in a variety of ways. The most recent service on the Secretary of State of Louisiana is independently sufficient to confer jurisdiction on this Court. See LSA-C.C.P. Art 1262 ("If the officer making service certifies that he is unable, after diligent effort, to have service made as provided in Article 1261, then the service may be made personally on the secretary of state..."). CMR was also properly served on May 17, 2004. See Amended Affidavit of Service, previously attached hereto as Exhibit "A". See Rule 4 of the Fed. R. Civ. P and Rule 5(b)(2)(A)(ii) of the Fed. R. Civ. P.

Relations Board v. Clark, 468 F. 2d 459 (5th Cir. 1972); Brach's Confections, Inc. v. Keller, LLC, 2003 WL 22225617 (N.D. Ill. 2003) (as the legislative history for Rule 4 notes, "a court should not dismiss because the plaintiff has 'good cause' for not completing service" when a defendant has sought to evade that service. 1982 U.S. Code Cong. & Admin. News 4434, 4446, n. 25.).

7. The Plaintiff has utilized every practical means to effectuate service of process directly on Williams. See Affidavit of John Van Steenkiste (with exhibits), previously attached hereto as Exhibit "C". The Defendant has thwarted those attempts through a systematic pattern of evasion. After multiple good faith attempts to serve Williams at his abode, on May 17, 2004, he was served at his place of employment, where he was present and positively identified. See Amended Affidavit of Service, previously attached hereto as Exhibit "A". Since Williams would not actually take possession of the documents, they were left with his receptionist. See Amended Affidavit of Service, previously attached hereto as Exhibit "A".

8. Sufficiency of notice is within the Court's discretion, to be decided based upon the unique facts and circumstances of each particular case. Keevan & Sons, Inc. at 671. The Keevan Court specifically held that service on the defendant's receptionist was sufficient where, as here service on **the receptionist in the Defendant's office** is as close to service on an adult at their abode as anyone could reasonably hope to achieve under the circumstances. See Keevan & Sons, Inc. at 673. (emphasis added).

9. Williams Motion argues that the May 17, 2004 service was ineffective pursuant to Federal Rule of Civil Procedure Rule 4 and Florida Statute § 48.031(1)(a), which

generally require that a summons and complaint either be personally served or left at a persons "place of abode." However, in certain situations where a defendant evades service, such as in this case, strict compliance with those rules is unnecessary. See Keevan & Sons, Inc. at 672; National Labor Relations Board v. Clark, 468 F. 2d 459 (5th Cir. 1972). Both Keevan and NLRB recognize and hold that "would be process servers are not entirely at the mercy of elusive defendants", and in cases where a defendant is rarely in the same place, their "usual place of abode" is impenetrable, and they are actively evading or avoiding service, alternate means of service may be entirely sufficient. See Keevan & Sons, Inc. at 673.

10. Similarly under Florida law, service of process is presumed where a defendant evades service. See, for example, Luckey v. Smathers & Thompson, 343 So. 2d 53 (Fla. 3d DCA 1977). In Luckey, the Court found that the defendant had "for the purpose of avoiding all legal matters, secreted himself from the world and lived in isolation in a high security apartment refusing to answer the telephone or even open his mail." Based on the fact that genuine attempts by various methods were made to the effect service upon the defendant, the Luckey court held that the defendant should be considered served. Id at 54.

11. Additionally, Williams has and has had actual constructive notice of the lawsuit filed against him, which may, in and of itself, impose a duty upon Williams to appear. See Keevan & Sons, Inc. at 671 Courts have "liberally construed Rule 4 and found valid service of process when a defendant has actual notice of the lawsuit filed against him." Id at 671; see also Symons Corporation v. Tartan-Lavers Delray Beach, Inc., 456 So. 2d 1254 (Fla. 4th DCA 1984).

This matter has been pending for approximately a year and one-half, the Defendant's counsel has actively participated in this litigation, and the Defendant's counsel is well aware of the extensive efforts that have been made to serve Williams. Williams was served with a valid Subpoena for Trial on May 31, 2004, providing him further notice of these proceedings, although that subpoena was ignored. It would be an injustice, based on the instant facts, to find that Williams has not been personally served. See Keevan & Sons,Inc. at 671.

12. The Court should not only find that Williams has been served, but that this Court has personal jurisdiction over him. See Keevan & Sons,Inc. at 671. ("Both Florida and Federal Courts have held that actual notice of a complaint, coupled with good faith attempted service, may be sufficient to confer personal jurisdiction, **especially when a defendant has acted to evade service of process."**) (emphasis added).

**CONCLUSION**

Based on the foregoing and under the unique circumstances of this case, the Defendant's Defendant's Motion to Dismiss and Strike Plaintiff's Amended Affidavit of Service should be denied.

**WHEREFORE**, the Plaintiff, KING'S JEWELERS, INC., having filed this Response and Memorandum of Law In Opposition To Defendant's Motion to Dismiss and Strike Plaintiff's Amended Affidavit of Service, prays that this Honorable Court will:

A. Deny the Defendant's Motion to Dismiss and Strike Plaintiff's Amended Affidavit of Service;

B. Grant such other and further relief as the Court shall deem appropriate and proper under the circumstances.

**DATED** this 24th day of June, 2004.

**MILLER, SCHWARTZ & MILLER, P.A.**
Attorneys for Plaintiffs
2435 Hollywood Boulevard
Hollywood, Florida 33020
Telephone: (954) 924-0300
Telefax: (954) 924-0311

By: ______________________
MICHAEL B. GILDEN
FLA. BAR NO. 0569801
CHARLES FOX MILLER
FLA. BAR NO. 0970270

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by U.S. Mail and Facsimile Transmission to Spencer H. Silverglate, Esquire and Hannesson I. Murphy, Esquire, Clarke Silverglate Campbell, Attorneys for Defendant CMR, Williams & Montgomery, 799 Brickell Plaza, Suite 900, Miami, Florida 33131, and Bryan Williams, 2800 Veterans Memorial Blvd,, Suite 215, Metairie, LA 70002 this 24th day of June, 2004.

MICHAEL B. GILDEN
CHARLES FOX MILLER

# AMENDED AFFIDAVIT OF SERVICE

Before me the undersigned notary, personally came and appeared, Renee Sonnier, who, after being duly sworn, deposed as follows:

1. That in the matter of KING'S JEWELERS, INC. v. BRYAN WILLIAMS a/k/a BIRDMAN and CASH MONEY RECORDS, INC., case number 03-23243-CIV-JORDAN, filed with United States District Court Southern District of Florida.

2. And that on May 17, 2004, at approximately 3:36 p.m., she served the following:
   A. Original Summons issued by the United Stated District Court for the Southern District of Florida on the Defendant, Bryan Williams a/k/a Birdman, as an individual, as well as the Notice of Removal to Federal Court and the Complaint.
   B. Original Summons issued by the United States District Court for the Southern District of Florida on the Defendant, Bryan Williams a/k/a/ Birdman, as the Registered Agent for Cash Money Records, Inc., as well as the Notice of Removal to Federal Court and the Complaint.

   at the office of "Cash Money Records, Inc.," on receptionist Angelique Conor, at 2800 Veterans Memorial Blvd., Suite 215, Metairie, LA 70002.

3. Renee Sonnier arrived to "Cash Money Records, Inc." where upon Ms. Sonnier, was greeted by Angelique Conor. Ms. Sonnier indicated she had a delivery for Bryan Williams, at which time she asked "is he in?" Ms Conor replied "no." Prior to entering the office Ms. Sonnier could see an African American male seated behind a glass window within the office to the right side of the receptionist desk speaking with an African American male and female. The person speaking with the other two (2) upon information and belief, was Bryan Williams. The office was large, had a large flat screen plasma TV and several boxes on the floor. It appeared as if " Cash Money Records, Inc." had recently moved in to the facility.

4. Having been refused the opportunity to hand the (2) two sets of summons to Mr, Williams, Ms. Sonnier left them with Ms. Conor, the only other person in charge in the office that was available to receive service. See Rule 5 (b) (2) (A) (ii) of the Federal Rules of Civil Procedure.

5. That the above and foregoing is based on her own personal knowledge, information, and belief.

**SWORN AND SUBSCRIBED TO**

[signature]
**Renee Sonnier**

**June 3, 2004.**

[signature]
**WITNESS**

[signature]
**NOTARY PUBLIC**

KIMBERLY ANN BONDIO
NOTARY PUBLIC #66776
Parish of Orleans, State Louisiana
My Commission is issued for life.





# AFFIDAVIT OF SERVICE

UNITED STATES DISTRICT COURT
SOUTHERN District of Florida

Case Number: 03-23243-CIV-JORDAN

Plaintiff:
**KING'S JEWELERS, INC.,**

vs.

Defendant:
**BRYAN WILLIAMS A/K/A BRIDMAN AND CASH MONEY RECORDS, INC.,**

For:
Michael Gilden
MILLER, SCHWARTZ & MILLER, P.A.
2435 Hollywod Boulevard
Hollywod, FL 33020

Received by COMPASS INVESTIGATIONS on the 4th day of June, 2004 at 9:10 am to be served on **CASH MONEY RECORDS, INC., C/O Secretary of State of Louisianna, 8549 UNITED PLAZA BOULEVARD, BATON ROUGE, LA 70809.**

I, Eric Desormeaux, being duly sworn, depose and say that on the **4th day of June, 2004** at **3:16 pm, I:**

Served the within named corporation by delivering a true copy of the **SUMMONS IN A CIVIL ACTION, NOTICE OF REMOVAL AND COMPLAINT WITH STATUTORY SERVICE FEE IN THE AMOUNT OF $25.00** with the date and hour of service endorsed thereon by me to ARLENE BANKSTON as AUTHORIZED CLERK OF THE STATE OF LOUISIANA of the within named corporation, in compliance with State Statutes.

**Additional Information pertaining to this Service:**
SERVICE WAS OBTAINED ON THE SECRETARY OF STATE FOR THIS CORPORATION, DUE TO THE ABSENCE OF THE REGISTERED AGENT AND/OR CORPORATE OFFICERS. THE WHEREABOUTS OF THE REGISTERED AGENT AND/OR OFFICERS OF THIS CORPROATION ARE UNKNOWN .

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

No Notary Required pursuant to F.S. 92.525(2).

Subscribed and sworn to before me on the 4th day of June, 2004 by the affiant who is personally known to me.

NOTARY PUBLIC

Eric Desormeaux
Process Server

**COMPASS INVESTIGATIONS**
**408 South Andrews Avenue**
**Suite 205**
**Fort Lauderdale, FL 33301**
**(954) 527-5722**
Our Job Serial Number: 2004004886

Copyright © 19[illegible] Server's Toolbox V5.5f

EXHIBIT
"B"

UNITED STATES DISTRICT COURT
Southern District of Florida

CASE NO. : 03-23243-CIV-JORDAN
Magistrate Judge Brown

KING'S JEWLERS, INC.,

Plaintiff,

vs.

**AFFIDAVIT**

BRYAN WILLIAMS a/k/a BIRDMAN
And CASH MONEY RECORDS, INC.,

Defendant.
_______________________________/

STATE OF FLORIDA

COUNTY OF BROWARD

BEFORE ME, THE UNDERSIGNED AUTHORITY, THIS DAY PERSONALLY APPEARED, JOHN VAN STEENKISTE, WHO UPON BEING FIRST DULY SWORN, UPON HIS OATH, DEPOSES AND SAYS:

THAT AFFIANT IS A LICENSED INVESTIGATOR OF COMPASS INVESTIGATIONS, A LICENSED PRIVATE INVESTIGATIVE AGENCY, AND STATES THAT HE HAS MADE DUE AND DILIGENT ATTEMPT TO SERVE THE DEFENDANT, BRYAN WILLIAMS and CASH MONEY RECORDS, INC., BY PERFORMING EACH OF THE FOLLOWING ACTS SET FORTH BELOW:

1. Our investigation and attempt to obtain service of process began in this matter on or about August 28, 2003.

2. The Defendant, Bryan B. Williams, a/k/a Birdman, is described as a black male, date of birth of 02/15/1969, social security number of 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. The Defendant maintains or has maintained numerous Louisiana corporations utilizing the address of 100 James Drive, Suite 130, St. Rose, LA 70087.

   These corporations are listed as follows:

a. THE JOHNNIE & GLADYS WILLIAMS FOUNDATION
   (inactive corporation)
   Charter Number 34872442N

b. BIG MONEY MANAGEMENT, INC.
   (active corporation)
   Charter Number 34814045D



CASE NO.: 03-23243-CIV-JORDAN
Magistrate Judge Brown

c. CASH MONEY PRODUCTIONS, INC.
(active corporation)
Charter Number 34814054D

d. DIAMOND ENTERTAINMENT, LLC
(active corporation)
Charter Number 35007137K

(See attached corporate printouts from the State of Louisiana, Department of State, Division of Corporation) **(Exhibit "A")**

3. The Defendant, Cash Money Records, Inc., is a Louisiana corporation. The Charter Number for this corporation is 3411621D. This corporation was formed on July 13, 1992. Bryan Williams is listed as the Registered Agent and Director of this corporation. The domicile address on file with the Louisiana Secretary of State is 100 James Drive, #120, St. Rose, LA 70087. (See attached corporate printout from the State of Louisiana, Department of State, Division of Corporation) **(Exhibit "B")**

4. The Defendant, Cash Money Records, Inc., is also registered with the Department of State, Division of Corporations for the State of New York. This corporation was initially registered with the State of New York on July 10, 2000 as a foreign business corporation. These corporate records indicate that the corporation state of domestication is Louisiana. The corporation records on file with the state of New York further indicate that the "address to which the Department of State will mail process if accepted on behalf of this entity" is Pryor, Cashman, Sherman & Flynn, Attn: Brad D. Rose, Esquire, located at 410 Park Avenue, New York, NY 10022, telephone number (212) 421-4100. The corporation records do not list any officers or a registered agents other that the above. (See attached corporate printout from the State of New York, Department of State, Division of Corporation official website) **(Exhibit "C")**

5. Service of process was attempted on Bryan Williams and Cash Money Records, Inc., at 100 James Drive, #130, Saint Rose, LA 70087, telephone (504) 466-5115. On each attempt, our server was met by the secretary at this office who indicated that Bryan Williams was rarely in the office. The Defendants Bryan Williams and Cash Money Records, Inc., both receive telephone calls here, receive mail and packages at this address. The secretary refused to provide any information as to the whereabouts of the Defendant, Bryan Williams and/or if she was an employee of Cash Money Records, Inc. (A copy of the "Request for change of address or box holder, Information needed for service of legal process" obtained from the United States Postal Service is attached) **(Exhibit "D")**

CASE NO. : 03-23243-CIV-JORDAN
Magistrate Judge Brown

6. Service of process was attempted on Bryan Williams and Cash Money Records, Inc., at 7 Bonita Bay Court, New Orleans, LA 70131-3333. This is a large estate home with an electronic fence and call box. However, on each attempt, our server indicated that there was never any answer and we could not obtain access to the front door of this residence. (A copy of the "Request for change of address or box holder, Information needed for service of legal process" obtained from the United States Postal Service is attached) **(Exhibit "E")**

7. Service of process was attempted on Bryan Williams and Cash Money Records, Inc., at 2615 Valenca Street, New Orleans, LA 70115-6343. Numerous attempts were made, however, the defendants could not be located at this address. (A copy of the "Request for change of address or box holder, Information needed for service of legal process" obtained from the United States Postal Service is attached) **(Exhibit "F")**

8. Service of process was attempted on Bryan Williams and Cash Money Records, Inc., at 1909 Cypress Creek, Road, New Orleans, LA 70123. Numerous attempts were made, however, the defendants could not be located at this address. (A copy of the "Request for change of address or box holder, Information needed for service of legal process" obtained from the United States Postal Service is attached) **(Exhibit "G")**

9. Service of process was attempted on Bryan Williams and Cash Money Records, Inc., at 42 Metairie Hammond Highway, Metairie, LA 4007-100. The defendants are unknown at this address. **(Exhibit "H")**

10. Service of process was attempted on Cash Money Records, Inc., at State of New York, Secretary of State, Division of Corporations located at 41 State Street, Albany, New York, 12231. The representative for the State of New York indicated that they will not accept service on behalf of this corporation, as this action does not originate from a State or Federal Court sitting in, or for, the State of New York. The representative cited 102(A)(11) of the Business Corporation Law of the State of New York.. (See attached printout from the State of New York, Secretary of State). **(Exhibit "I")**

11. On the 7th day of November 2003 at 4:25 p.m., Cash Money Records, Inc., C/o Brad Rose, Esquire, Registered Agent, Law Offices of Pryor, Cashman, Sherman & Flynn, located at 410 Park Avenue, New York, NY 10022 was served in the Miami-Dade Circuit Case, Case number 03-25197. (See attached copy of Verified Return of Service Affidavit) **(Exhibit "J")**

12. On the 4th day of June, 2004, service of process was attempted on Cash Money Records, Inc., at State of New York, Secretary of State, Division of Corporations located at 41 State Street, Albany, New York, 12231. The representative of the Office of Counsel for the State of New York indicated that they will not accept service on behalf of this corporation, as this action does not originate from a State or Federal court sitting in, or for, the State of New York. The representative cited 102(A)(11) of the Business Corporation Law of the State of New York. Gary Trechel is the Legal Counsel and can be reached at (518)473-8262. (See attached copy of return of service affidavit). **(Exhibit "K")**

CASE NO.: 03-23243-CIV-JORDAN
Magistrate Judge Brown

13. On the 4th day of June, 2004, service of process was obtained on Cash Money Records, Inc.,by serving the State of Louisiana, Secretary of State, Commercial Division. The State of Louisiana accepted on behalf of Cash Money Records, Inc. The State of Louisiana would not accept on behalf of Bryan Williams, who is a resident of the State of Louisiana and current whereabouts are unknown. (See attached copy of return of service affidavit) **(Exhibit "L")**

14. Affiant further sayeth not.

6/8/04

JOHN VAN STEENKISTE, AFFIANT

**COMPASS INVESTIGATIONS**
**408 SOUTH ANDREWS AVENUE, SUITE 205**
**FORT LAUDERDALE, FLORIDA 33301**

SUBSCRIBED AND SWORN TO BEFORE ME THIS 8th DAY OF JUNE, 2004, BY AFFIANT WHO IS PERSONALLY KNOWN TO ME.

LISA BENNETT, NOTARY PUBLIC

MY COMMISSION EXPIRES: 12/28/2007

LISA M. BENNETT
Comm# DD0277607
Expires 12/28/2007
Bonded thru (800)432-4254
Florida Notary Assn., Inc

**Louisiana Secretary of State**
**Unofficial Detail Record**

Charter/Organization ID: 34872442N

Name: THE JOHNNIE & GLADYS WILLIAMS FOUNDATION

Type Entity: Non-Profit Corporation

Status: Not Active (Action by Secretary of State)

Domicile Address: 100 JAMES DR., SUITE 130, ST. ROSE, LA 70087

Incorporated: 12/28/1999

Registered Agent (Appointed 12/28/1999): MICHELLE A. DIAZ, 100 JAMES DR., SUITE 130, ST. ROSE, LA 70087

Director: RONALD WILLIAMS

President: RONALD WILLIAMS

Director: BRYAN WILLIAMS

Treasurer: BRYAN WILLIAMS

Director: MICHELLE A. DIAZ

Secretary: MICHELLE A. DIAZ

Amendments on File
REVOKED (02/18/2003)

New Search | Index

"Exhibit A"

**Louisiana Secretary of State**
**Unofficial Detail Record**

Charter/Organization ID: 34814045D

Name: BIG MONEY MANAGEMENT, INC.

Type Entity: Business Corporation

Status: Active

Annual Report Status: In Good Standing

Domicile Address: 100 JAMES DR., #130, ST. ROSE, LA 70087

Incorporated: 07/13/1999

Registered Agent (Appointed 7/13/1999): RONALD WILLIAMS, 100 JAMES DR., #130, ST. ROSE, LA 70087

Registered Agent (Appointed 7/13/1999): BRYAN WILLIAMS, 100 JAMES DR., #130, ST. ROSE, LA 70087

President: RONALD WILLIAMS

**New Search** | **Index**

**Louisiana Secretary of State**
**Unofficial Detail Record**

harter/Organization ID: 34814054D

lame: CASH MONEY PRODUCTIONS, INC.

ype Entity: Business Corporation

tatus: Active

nnual Report Status: In Good Standing

omicile Address: 100 JAMES DR., #130, ST. ROSE, LA 70087

ncorporated: 07/13/1999

egistered Agent (Appointed 7/13/1999): RONALD WILLIAMS, 100 JAMES DR., # 130, ST. ROSE, LA 70087

egistered Agent (Appointed 7/13/1999): BRYAN WILLIAMS, 100 JAMES DR., #130, ST. ROSE, LA 70087

resident: RONALD WILLIAMS

**New Search | Index**

**Louisiana Secretary of State**
**Unofficial Detail Record**

harter/Organization ID: 35007137K

ame: DIAMOND ENTERTAINMENT LLC

ype Entity: Limited Liability Company

tatus: Active

nnual Report Status: Not In Good Standing for failure to file current Annual Report

omicile Address: 100 JAMES DRIVE, STE. 130, ST. ROSE, LA 70087

rganized: 11/20/2000

egistered Agent (Appointed 11/20/2000): RONALD WILLIAMS, 100 JAMES DRIVE, STE. 130, ST. ROSE, LA 70087

lember or Manager: RONALD WILLIAMS

lember or Manager: BRYAN WILLIAMS

**New Search | Index**

**Louisiana Secretary of State**
**Unofficial Detail Record**

'harter/Organization ID: 34411621D

lame: CASH MONEY RECORDS, INC.

ype Entity: Business Corporation

tatus: Active

.nnual Report Status: In Good Standing

omicile Address: 100 JAMES DRIVE, #120, ST. ROSE, LA 70087

ıcorporated: 07/13/1992

.egistered Agent (Appointed 7/13/1992): RONALD WILLIAMS, 100 JAMES DRIVE, #130, ST. ROSE, LA 70087

.egistered Agent (Appointed 7/13/1992): BRYAN WILLIAMS, 100 JAMES DRIVE, #130, ST. ROSE, LA 70087

resident: RONALD WILLIAMS

irector: RONALD WILLIAMS

irector: BRYAN WILLIAMS

New Search | Index

"Exhibit B"

# NYS Department of State

## Division of Corporations

# Entity Information

**Selected Entity Name:** CASH MONEY RECORDS, INC.

| | |
|---|---|
| **Current Entity Name:** | CASH MONEY RECORDS, INC. |
| **Initial DOS Filing Date:** | JULY 10, 2000 |
| **County:** | NEW YORK |
| **Jurisdiction:** | LOUISIANA |
| **Entity Type:** | FOREIGN BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

**DOS Process** (Address to which DOS will mail process if accepted on behalf of the entity)
PRYOR CASHMAN SHERMAN & FLYNN
ATTN: BRAD D. ROSE, ESQ.
410 PARK AVENUE
NEW YORK, NEW YORK 10022

**Registered Agent**
NONE

**NOTE:** New York State does not issue organizational identification numbers.

[ Search Results ] [ Search the Database ]

[ Division of Corporations, State Records and UCC Home Page ] [ NYS Department of State Home Page ]

"EXHIBIT C"

# REQUEST FO CHANGE OF ADDRESS OR ( )XHOLDER

# INFORMATION NEEDED FOR SERVICE OF LEGAL PROCESS

COMPASS INVESTIGATIONS
408 South Andrews Avenue
Suite 205
Fort Lauderdale, FL 33301
(954) 527-5722

01-14-2004

**Job: 2003012527**

**Postmaster**
**SAINT ROSE, LA 70087**

Please furnish the new address or the name and street address (if a boxholder) for the following: **BRYAN WILLIAMS, 100 JAMES DRIVE, #130, SAINT ROSE, LA 70087**

1. Capacity of Requester: **Process Server**
2. Statute or regulation that empowers me to serve process: **Florida Statutes Chapter 48**
3. The names of all known parties to the litigation: **KING'S JEWELERS, BRYAN WILLIAMS, A/K/A BIRDMAN,**
4. The court in which the case has been or will be heard: **Circuit**
5. The docket or other identifying number if one has been issued: **03-25197 CA 02**
6. The capacity in which the individual is to be served: **Defendant**

**WARNING: The submission of false information either (1) To obtain and use change of address information or boxholder information for any purpose other than the service of legal process in connection with actual or prospective litigation or (2) To avoid payment of the fee for change of address information could result in criminal penalties including a fine of up to $10,000 or imprisonment of not more than 5 years, or both (Title 18 U.S.C. Section 1001).**

**I certify that the above information is true and that the address information is needed and will be used solely for the service of legal process in connection with actual or prospective litigation.**

[signature]
Sheryl Attaway (Miller, Schwartz)

==========================================================================

FOR POST OFFICE USE ONLY

__ No change of address order on file

__ Not known at address given

__ Moved, left no forwarding address

__ No such address

✓ Deliverable as addressed

NEW ADDRESS or BOXHOLDER'S NAME and STREET ADDRESS

______________________

______________________

______________________

SAINT ROSE LA
JAN 22 2004
USPS - 70087

"EXHIBIT-D"

Copyright © 1992-2001 Database Services, Inc. - Process Server's Toolbox V5.5f

# REQUEST FOR CHANGE OF ADDRESS OR BOXHOLDER

# INFORMATION NEEDED FOR SERVICE OF LEGAL PROCESS

COMPASS INVESTIGATIONS
408 South Andrews Avenue
Suite 205
Fort Lauderdale, FL 33301
(954) 527-5722

01-14-2004

**Job: 2003012527**

**Postmaster**
**NEW ORLEANS, LA 70131-3333**

Please furnish the new address or the name and street address (if a boxholder) for the following: **BRYAN WILLIAMS, 7 BONITA BAY COURT, NEW ORLEANS, LA 70131-3333**

1. Capacity of Requester: **Process Server**
2. Statute or regulation that empowers me to serve process: **Florida Statutes Chapter 48**
3. The names of all known parties to the litigation: **KING'S JEWELERS, BRYAN WILLIAMS, A/K/A BIRDMAN,**
4. The court in which the case has been or will be heard: **Circuit**
5. The docket or other identifying number if one has been issued: **03-25197 CA 02**
6. The capacity in which the individual is to be served: **Defendant**

**WARNING: The submission of false information either (1) To obtain and use change of address information or boxholder information for any purpose other than the service of legal process in connection with actual or prospective litigation or (2) To avoid payment of the fee for change of address information could result in criminal penalties including a fine of up to $10,000 or imprisonment of not more than 5 years, or both (Title 18 U.S.C. Section 1001).**

**I certify that the above information is true and that the address information is needed and will be used solely for the service of legal process in connection with actual or prospective litigation.**

[signature]
Sheryl Attaway (Miller, Schwartz)

==========================================================

FOR POST OFFICE USE ONLY

[X] No change of address order on file

__ Not known at address given

__ Moved, left no forwarding address

__ No such address

[X] Deliverable as addressed

NEW ADDRESS or BOXHOLDER'S NAME and STREET ADDRESS

______________________

______________________

______________________

"Exhibit E"

Copyright © 1992-2001 Database Services, Inc. - Process Server's Toolbox V5.5f

# REQUEST FOR CHANGE OF ADDRESS OR BOXHOLDER

# INFORMATION NEEDED FOR SERVICE OF LEGAL PROCESS

COMPASS INVESTIGATIONS
408 South Andrews Avenue
Suite 205
Fort Lauderdale, FL 33301
(954) 527-5722

01-14-2004

**Job: 2003012527**

**Postmaster**
**NEW ORLEANS, LA 70115-6343**

Please furnish the new address or the name and street address (if a boxholder) for the following: **BRYAN WILLIAMS, 2615 VALENCE STREET, NEW ORLEANS, LA 70115-6343**

1. Capacity of Requester: **Process Server**
2. Statute or regulation that empowers me to serve process: **Florida Statutes Chapter 48**
3. The names of all known parties to the litigation: **KING'S JEWELERS, BRYAN WILLIAMS, A/K/A BIRDMAN,**
4. The court in which the case has been or will be heard: **Circuit**
5. The docket or other identifying number if one has been issued: **03-25197 CA 02**
6. The capacity in which the individual is to be served: **Defendant**

**WARNING: The submission of false information either (1) To obtain and use change of address information or boxholder information for any purpose other than the service of legal process in connection with actual or prospective litigation or (2) To avoid payment of the fee for change of address information could result in criminal penalties including a fine of up to $10,000 or imprisonment of not more than 5 years, or both (Title 18 U.S.C. Section 1001).**

**I certify that the above information is true and that the address information is needed and will be used solely for the service of legal process in connection with actual or prospective litigation.**

[signature]

Sheryl Attaway (Miller, Schwartz)

=====================================================================

FOR POST OFFICE USE ONLY

✓ No change of address order on file
__ Not known at address given
__ Moved, left no forwarding address
__ No such address
✓ Deliverable as addressed

NEW ADDRESS or BOXHOLDER'S NAME and STREET ADDRESS

____________________
____________________
____________________

"Exhibit F"




Copyright © 1992-2001 Database Services, Inc. - Process Server's Toolbox V5.5f

# REQUEST FOR CHANGE OF ADDRESS OR BOXHOLDER

## INFORMATION NEEDED FOR SERVICE OF LEGAL PROCESS

COMPASS INVESTIGATIONS
408 South Andrews Avenue
Suite 205
Fort Lauderdale, FL 33301
(954) 527-5722

01-14-2004

**Job: 2003012527**

**Postmaster**
**BRYAN WILLIAMS, 100 JAMES DRIVE, #130, SAINT ROSE, LA 70087**

Please furnish the new address or the name and street address (if a boxholder) for the following: **BRYAN WILLIAMS, 1909 CYPRESS CREEK ROAD, NEW ORLEANS, LA 70123**

1. Capacity of Requester: **Process Server**
2. Statute or regulation that empowers me to serve process: **Florida Statutes Chapter 48**
3. The names of all known parties to the litigation: **KING'S JEWELERS, BRYAN WILLIAMS, A/K/A BIRDMAN,**
4. The court in which the case has been or will be heard: **Circuit**
5. The docket or other identifying number if one has been issued: **03-25197 CA 02**
6. The capacity in which the individual is to be served: **Defendant**

**WARNING: The submission of false information either (1) To obtain and use change of address information or boxholder information for any purpose other than the service of legal process in connection with actual or prospective litigation or (2) To avoid payment of the fee for change of address information could result in criminal penalties including a fine of up to $10,000 or imprisonment of not more than 5 years, or both (Title 18 U.S.C. Section 1001).**

**I certify that the above information is true and that the address information is needed and will be used solely for the service of legal process in connection with actual or prospective litigation.**

[signature]
Sheryl Attaway (Miller, Schwartz)

==========================================================================

FOR POST OFFICE USE ONLY

__ No change of address order on file

__ Not known at address given

__ Moved, left no forwarding address

__ No such address

X Deliverable as addressed

NEW ADDRESS or BOXHOLDER'S NAME and STREET ADDRESS

__________________

__________________

__________________

SAINT ROSE LA
JAN 22 2004
USPS - 70087

"Exhibit 6"

Copyright © 1992-2001 Database Services, Inc. - Process Server's Toolbox V5.5f

# REQUEST FOR CHANGE OF ADDRESS OR BOXHOLDER

# INFORMATION NEEDED FOR SERVICE OF LEGAL PROCESS

COMPASS INVESTIGATIONS
408 South Andrews Avenue
Suite 205
Fort Lauderdale, FL 33301
(954) 527-5722

01-14-2004

**Job: 2003012527**

**Postmaster**
**METAIRIE, LA 70005-1300**

Please furnish the new address or the name and street address (if a boxholder) for the following: **BRYAN WILLIAMS, 420 METAIRIE HAMMOND HIGHWAY, METAIRIE, LA 70005-1300**

1. Capacity of Requester: **Process Server**
2. Statute or regulation that empowers me to serve process: **Florida Statutes Chapter 48**
3. The names of all known parties to the litigation: **KING'S JEWELERS, BRYAN WILLIAMS, A/K/A BIRDMAN,**
4. The court in which the case has been or will be heard: **Circuit**
5. The docket or other identifying number if one has been issued: **03-25197 CA 02**
6. The capacity in which the individual is to be served: **Defendant**

**WARNING: The submission of false information either (1) To obtain and use change of address information or boxholder information for any purpose other than the service of legal process in connection with actual or prospective litigation or (2) To avoid payment of the fee for change of address information could result in criminal penalties including a fine of up to $10,000 or imprisonment of not more than 5 years, or both (Title 18 U.S.C. Section 1001).**

**I certify that the above information is true and that the address information is needed and will be used solely for the service of legal process in connection with actual or prospective litigation.**

[signature]
Sheryl Attaway (Miller, Schwartz)

FOR POST OFFICE USE ONLY

__ No change of address order on file
✓ Not known at address given
__ Moved, left no forwarding address
__ No such address
__ Deliverable as addressed

1.17.04
[initials]

NEW ADDRESS or BOXHOLDER'S NAME and STREET ADDRESS

METAIRIE, LA JAN 20 2004 USPS - 70003

METAIRIE JAN 20 2004 USPS

"Exhibit H"

Copyright © 1992-2001 Database Services, Inc. - Process Server's Toolbox V5.5f

**Q. How do I obtain copies of documents filed with the Division of Corporations?**

Copies of any documents (Certificates of Incorporation, Articles of Organization, Certificates of Amendment, etc.) filed with the Division of Corporations may be obtained by submitting a written request to the New York State Department of State, Division of Corporations, 41 State Street, Albany, NY 12231. The fee for a plain copy is $5, and the fee for a certified copy is $10. Copies of documents cannot be ordered through this site or over the telephone.

The Division of Corporations offers an optional service for the expedited processing of copy requests. For an additional fee of $25, the Division will ensure that your copy request is completed within 24 hours. For an additional fee of $75, the Division will complete your copy request on the same day; and for an additional $150 fee, the Division will complete your copy request within 2 hours. You may obtain expedited processing by submitting a separate nonrefundable fee and placing the notation on the envelope, "Attention: Expedited Handling."

Please note that copies will be returned by first-class mail by the United States Postal Service. We do not provide these documents by fax. You may request that your copy be returned to you by overnight delivery service, by including your account number with the service provider, enclosing a prepaid shipping label or including a request to charge your credit card with the shipper for these charges.

**Q. How do I obtain a Certificate Under Seal or a Certificate of Existence?**

Certificates Under Seal or Certificates of Existence (sometimes referred to as a Certificate of Good Standing) may be obtained by submitting a written request to the New York State Department of State, Division of Corporations, 41 State Street, Albany, NY 12231. The fee for a Certificate Under Seal or a Certificate of Existence is $25. Certificates Under Seal or Certificates of Existence cannot be ordered through this site or over the telephone.

The Division of Corporations offers an optional service for the expedited processing of certificates. For an additional fee of $25, we will ensure that your certificate is completed within 24 hours. For an additional fee of $75, the Division will complete your request on the same day of receipt; and for a $150 fee, the Division will complete your request within 2 hours. You may obtain expedited processing by submitting a separate nonrefundable fee and placing the notation on the envelope, "Attention: Expedited Handling."

Please note that a Certificate Under Seal or a Certificate of Existence will be returned by first-class mail by the United States Postal Service. We do not provide these documents by fax. You may request that your certificate be returned to you by overnight delivery service, by including your account number with the service provider, enclosing a prepaid shipping label or including a request to charge your credit card with the shipper for these charges.



**Q. How do I serve process on the Secretary of State?**

A. Service of process on the Secretary of State as agent of a corporation or other business entity may be accomplished by serving an authorized person at the Department of State's office at 41 State Street,

Albany, NY 12231. Process should be brought to the Customer Service Counter located on the 2nd Floor.

In addition to the other methods prescribed by law, the Secretary of State acts as the statutory agent for service of process for domestic and foreign business corporations; not-for-profit corporations that have been formed or amended their Certificate of Incorporation after September 14, 1981; limited liability companies; limited partnerships; and limited liability partnerships.

Only "process" may be served on the Secretary of State as agent. "Process" is defined as judicial process and all orders, demands, notices, or other papers required or permitted to be personally served on a domestic or foreign entity, for the purpose of acquiring jurisdiction of such entity in any action or proceeding, civil or criminal, whether judicial, administrative, arbitrative, or otherwise, in this state or in the federal courts sitting in, or for, this state. (See §102(a)(11) of the Business Corporation Law, §102(a)(12) of the Not-for-Profit Corporation Law, §102(x) of the Limited Liability Company Law, §121-101(o) of the Partnership Law.)

Service of process is accepted pursuant to Sections 306, 306-A, and 307 of the Business Corporation Law; Sections 306 and 307 of the Not-for-Profit Corporation Law; Sections 301-A, 303, and 304 of the Limited Liability Company Law; Sections 121-104-A, 121-109, 121-1505, and 121-1506 of the Partnership Law. Please note that nothing in these sections of law affects the right to serve process in any other manner permitted by law.

Service of process upon a **domestic or authorized foreign corporation, limited liability company, limited partnership, or limited liability partnership** requires that two copies of the process be personally served on the Secretary of State or any person authorized by him at the Office of the Department of State, 41 State Street, Albany, NY 12231. Service by mail is not permitted. The statutory fee for serving process is $40.

Service of process upon an **unauthorized foreign or suspended corporation, limited liability company, limited partnership, or limited liability partnership** requires that one copy of the process be personally served on the Secretary of State or any person authorized by him at the Office of the Department of State, 41 State Street, Albany, NY 12231. Service by mail is not permitted. The statutory fee for serving process is $40. Please refer to the appropriate section of law for additional mailing/service requirements.

B. Service of process on the Secretary of State in any action or proceeding in which the Secretary of State is a party to such action may be accomplished by serving a deputy secretary of state authorized to accept service. All such process may be served at the Department of State's office at 41 State Street, Albany, NY 12231. Process should be brought to the Customer Service Counter located on the 2nd Floor.



---

**Q. May I fax a request to the Division of Corporations?**

The Division of Corporations will accept requests for filings of documents, copies, certificates under seal and name availability by fax. Fees for requests by fax must be paid by charges to your drawdown account or by credit card. To pay for a fee by using your credit card when not appearing in person, simply complete and sign the Credit Card Authorization Form [(43.9KB PDF Form) (1 page)] and submit it to the Division of Corporations with your request. You may fax a document submitted for filing to the Division of Corporations at (518) 474-1418. Requests for copies of documents, certificates under seal and name availability may be faxed to (518) 473-1654.

Please note that filing receipts, copies, certificates under seal and responses to name availability requests will be returned by first-class mail by the United States Postal Service. We do not provide these documents by fax. You may request that your filing receipt or other document be returned to you by overnight

# VERIFIED RETURN OF SERVICE

State of Florida | County of MIAMI-DADE | Circuit Court

Case Number: 03-25197 CA 02

Plaintiff:
KING'S JEWELERS,
vs.
Defendant:
BRYAN WILLIAMS, A/K/A BIRDMAN,

For: Charles Fox Miller
MILLER, SCHWARTZ & MILLER, P.A.

Received by COMPASS INVESTIGATIONS on the 27th day of October, 2003 at 11:21 am to be served on **CASH MONEY RECORDS, INC., C/O BRAD D. ROSE, ESQUIRE, REGISTERED AGENT, LAW OFFICES OF PRYOR, CASHMAN, SHERMAN & FLYNN, 410 PARK AVENUE, NEW YORK, NY 10022** I, Byran E. McElderry, being duly sworn, depose and say that on the 7th day of Nov., 2003 at 14:25 m., executed service by delivering a true copy of the **SUMMONS AND COMPLAINT** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving ______________ as ______________ of the within-named agency.

( ) SUBSTITUTE SERVICE: By serving ______________ as ______________.

(X) CORPORATE SERVICE: By serving Richard Randig as Managing Clerk - Authorized.

( ) OTHER SERVICE: As described in the Comments below by serving ______________ as ______________.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:**

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 10th day of November, 2003 by the affiant who is personally known to me.

NOTARY PUBLIC

JOEL GRABER
Notary Public, State of New York
No. 02GR4699723
Qualified in New York County
Commission Expires Feb. 10, 2006

PROCESS SERVER # 869802
Appointed in accordance with State Statutes

COMPASS INVESTIGATIONS
408 South Andrews Avenue
Suite 205
Fort Lauderdale, FL 33301
(954) 527-5722
Our Job Serial Number: 2003012526

Copyright © 1992-2001 Database Services, Inc. - Process Server's Toolbox V5.5f

"Exhibit J"

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE 6/4/2004 |
|---|---|
| NAME OF SERVER (PRINT) J. R. O'Rourke | TITLE Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: ______

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: ______

☒ Returned unexecuted: SEE Attached Affidavit of Service

☐ Other (specify): ______

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 6/4/04
Date

[signature]
*Signature of Server*

*Address of Server*
COMPASS INVESTIGATIONS
408 S. ANDREWS AVENUE
SUITE 205
FORT LAUDERDALE, FL 33301

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

"Exhibit K"

# AFFIDAVIT OF SERVICE

UNITED STATES DISTRICT COURT
Southern District of Florida

Case Number: 03-23243-CIV

Plaintiff:
**King's Jewelers, Inc.,**

vs.

Defendant:
**Bryan Williams a/k/a Birdman and Cash Money Records, Inc.**

**State of New York, County of Albany)ss.:**

Received by Compass Investigations to be served on **CASH MONEY RECORDS INC..**

I, J.R. O'Rourke, being duly sworn, depose and say that on the **4th day of June, 2004** at **1:40 pm, I:**

**DISCONTINUED ATTEMPTING SERVICE** of the **Summons in a Civil Action, Notice of Removal and Complaint pursuant to section 306 BCL together with statutory service fee in the amount of $40.00** for the reason The Department of State does not accept service in out of state actions .

**Additional Information pertaining to this Service:**
The Server spoke with the Office of Counsel, New York State Department of State, who affirmed that the Department of State does not accept service in out-of -state actions, and refered to Section 102 ss. 11 of the Business Corporation Law, State of New York @ 41 State Street, Albany, New York 12231

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server in good standing in the jurisdiction in which the process was served.

J.R. O'Rourke
Process Server

**Compass Investigations**
**408 South Andrews Avenue**
**Suite 205**
**Fort Lauderdale, FL 33301**
**(954) 527-5722**
Our Job Serial Number: 2004002654

Subscribed and Sworn to before me on the the 4th day of June, 2004 by the affiant who is personally known to me.

NOTARY PUBLIC

Copyright © 1992-2001 Database Services, Inc. - Process Server's Toolbox V5.5f

§ 108. When notice or lapse of time unnecessary; notices dispensed with when delivery is prohibited
§ 109. Actions or special proceedings by attorney-general
§ 110. Reservation of power
§ 111. Effect of invalidity of part of chapter; severability
§ 112. References

**HISTORY:**

Add, L 1961, ch 855, eff Sept 1, 1963.

Schedule of sections, amd, L 1962, ch 317, § 1, L 1963, ch 748, § 1, eff Sept 1, 1963, L 1963, ch 749, eff Sept 1, 1963.

Laws 1962, ch 317, § 30, provides as follows:

§ 30. This act shall take effect on the same day when a chapter of the laws of nineteen hundred sixty-two, entitled "An act in relation to civil practice and prescribing rules of civil procedure governing generally the civil procedure in the courts of the state of New York and before the judges thereof, constituting chapter eight of the consolidated laws," takes effect.

**NOTE:**

[1962] This is one of a series of laws to revise and recodify the Civil Practice Act and the Rules of Civil Practice, and transfers to the Business Corporation Law certain provisions formerly found in such Act insofar as they relate to corporations, domestic or foreign.

See Distribution Table preceding this law.

**CROSS REFERENCES:**

This article referred to in §§ 1319, 1513.

## § 101. Short title

*This chapter shall be known as the "Business Corporation Law".*

**HISTORY:**

Add, L 1961, ch 855, eff Sept 1, 1963.

**NOTE:**

Entitling this chapter the "Business Corporation Law" follows the pattern of the Model Business Corporation Act (§ 1), frequently called the Model Act. Not to be confused with this chapter is the former New York Business Corporations Law, most of which was repealed in 1923 and the balance in 1926 and 1952.

### CASE NOTES

This law represents a current, studied recodification, clarification, and revision of existing corporation statutes. Industrial Psychology, Inc. v Simon (1962, 1st Dept) 16 AD2d 114, 226 NYS2d 148.

## § 102. Definitions

(a) As used in this chapter, unless the context otherwise requires, the term:

(1) "Bonds" includes secured and unsecured bonds, debentures, and notes.

(2) "Capital surplus" means the surplus other than earned surplus.

(3) "Certificate of incorporation" includes (A) the original certificate of incorporation or any other instrument filed or issued under any statute to form a domestic or foreign corporation, as amended, supplemented or restated by certificates of amendment, merger or consolidation or other certificates or instruments filed or issued under any statute; or (B) a special

1 with when delivery is

1, eff Sept 1, 1963,

ter of the laws of
civil practice and
il procedure in the
iereof, constituting

Civil Practice Act
; Corporation Law
relate to corpora-

1 Law".

the pattern of the
Model Act. Not to
iness Corporations
926 and 1952.

Psychology, Inc. v Simon
d 114, 226 NYS2d 148.

equires, the term:

itures, and notes.

1 surplus.

ginal certificate of
nder any statute to
, supplemented or
solidation or other
te; or (B) a special



act or charter creating a domestic or foreign corporation, as amended, supplemented or restated.

(4) "Corporation" or "domestic corporation" means a corporation for profit formed under this chapter, or existing on its effective date and theretofore formed under any other general statute or by any special act of this state for a purpose or purposes for which a corporation may be formed under this chapter, other than a corporation which may be formed under the cooperative corporations law.

(5) "Director" means any member of the governing board of a corporation, whether designated as director, trustee, manager, governor, or by any other title. The term "board" means "board of directors".

(6) "Earned surplus" means the portion of the surplus that represents the net earnings, gains or profits, after deduction of all losses, that have not been distributed to the shareholders as dividends, or transferred to stated capital or capital surplus, or applied to other purposes permitted by law. Unrealized appreciation of assets is not included in earned surplus.

(7) "Foreign corporation" means a corporation for profit formed under laws other than the statutes of this state, which has as its purpose or among its purposes a purpose for which a corporation may be formed under this chapter, other than a corporation which, if it were to be formed currently under the laws of this state, could not be formed under this chapter. "Authorized", when used with respect to a foreign corporation, means having authority under article 13 (Foreign corporations) to do business in this state.

(7-a) "Infant" means a person who has not attained the age of eighteen years.

(8) "Insolvent" means being unable to pay debts as they become due in the usual course of the debtor's business.

(9) "Net assets" means the amount by which the total assets exceed the total liabilities. Stated capital and surplus are not liabilities.

(10) "Office of a corporation" means the office the location of which is stated in the certificate of incorporation of a domestic corporation, or in the application for authority of a foreign corporation or an amendment thereof. Such office need not be a place where business activities are conducted by such corporation.

(11) "Process" means judicial process and all orders, demands, notices or other papers required or permitted by law to be personally served on a domestic or foreign corporation, for the purpose of acquiring jurisdiction of such corporation in any action or proceeding, civil or criminal, whether judicial, administrative, arbitrative or otherwise, in this state or in the federal courts sitting in or for this state.

(12) "Stated capital" means the sum of (A) the par value of all shares with par value that have been issued, (B) the amount of the consideration received for all shares without par value that have been issued, except such part of the consideration therefor as may have been allocated to surplus in a manner permitted by law, and (C) such amounts not included in clauses (A) and (B) as have been transferred to stated capital, whether upon the

designate an is designated or corporate gent presently rs and agents process on a dant. Existing oke or change nt or change orporation or ust notify his

sol ch 252-A

vate Housing

CLS Uncon-

ations, Their

rvice also satisfied ard of Education v so. (1974) 79 Misc A LRRM 2281.

district court had under the Federal endant was served district and even did no business in ued. Bertha Bldg. (1952, DC NY) enal Laboratories, 187.



**Form 1**

**Designation of Registered Agent for Service of Process**

[Caption and address]

__1__, Inc., a domestic corporation formed under the __2__ Law and whose certificate of incorporation was filed on the __3__ day of __4__, 19__5__, and whose office is located at __6__, __7__, New York [or, a foreign corporation organized and existing under the __8__ Law of __9__, which has been duly authorized to do business in New York under certificate filed the __10__ day of __11__, 19__12__, and whose [principal] office is located at __13__, __14__ in the State of __15__] hereby designates as its registered agent for service of process against such corporation in this state, __16__, a natural person [or, corporation organized under the __17__ Law of this State (or, foreign corporation organized and existing under the __18__ Law of __19__, and authorized to do business in this State)].

The business address of such designated agent for service of process is __20__, __21__, New York.

Dated at __22__, this __23__ day of __24__, 19__25__.

[Name of designating corporation]
By __26__ [Secretary]

**Form 2**

**Certificate of Resignation of Registered Agent**

[Caption as "Certificate of Resignation of Registered Agent of __1__, Inc., under Section 305 of the Business Corporation Law"]

[Address to the Department of State]

Sirs:

Please be advised and note that the undersigned, __2__, resigns as registered agent for service of process on __3__, Inc., a __4__ corporation.

The Certificate of Incorporation of such corporation [or, the Application for Authority for such corporation to do business in New York] was filed by your office on the __5__ day of __6__, 19__7__.

The undersigned has sent a copy of this certificate of resignation by registered mail to said corporation at __8__, __9__, __10__, that being its post office address as on file in your office specified for mailing of process.

[Signature]

[Verification]

### § 306. Service of process

(a) Service of process on a registered agent may be made in the manner provided by law for the service of a summons, as if the registered agent was a defendant.

(b) Service of process on the secretary of state as agent of a domestic or authorized foreign corporation shall be made by personally delivering to and leaving with him or his deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee, which fee shall be a taxable disbursement. Service of process on such corporation shall be complete when the secretary of state is so served. The secretary of state shall promptly send one of such copies by

certified mail, return receipt requested, to such corporation, at the post office address, on file in the department of state, specified for the purpose. If a domestic or authorized foreign corporation has no such address on file in the department of state, the secretary of state shall so mail such copy, in the case of a domestic corporation, in care of any director named in its certificate of incorporation at his address stated therein or, in the case of an authorized foreign corporation, to such corporation at the address of its office within this state on file in the department.

(c) If an action or special proceeding is instituted in a court of limited jurisdiction, service of process may be made in the manner provided in this section if the office of the domestic or foreign corporation is within the territorial jurisdiction of the court and the process sets forth that the action or special proceeding is within the jurisdiction of the court.

(d) Nothing in this section shall affect the right to serve process in any other manner permitted by law.

**HISTORY:**

Add, L 1961, ch 855, eff Sept 1, 1963.
Par (b), amd, L 1967, ch 17, eff Feb 28, 1967.
Par (c), amd, L 1962, ch 834, § 7, eff Sept 1, 1963.

**CROSS REFERENCES:**

This section referred to in §§ 907, 1309, 1310, 1311; CLS Educ § 653; CLS Priv Hous Fin §§ 18, 75, 303; CLS Pub A § 3102; CLS Unconsol ch 252-A § 12; ch 252-B § 16; ch 264 § 12.

Applicability of this section to companies organized under the Private Housing Finance Law, CLS Priv Hous Fin §§ 18, 75.

Applicability of this section to youth facilities project guarantee fund, CLS Unconsol Ch 264 § 12.

**REVISION NOTE:**

The procedure for serving process on the registered agent and the secretary of state is set forth in this section. Service on the registered agent is similar to service on any defendant. The procedure for serving the secretary of state is similar to that set forth in Stk. Corp. L. § 25 and Gen. Corp. L. § 217.

**FEDERAL ASPECTS:**

Service of process in stockholder's derivative actions, 28 USCS § 1695.

**RESEARCH REFERENCES AND PRACTICE AIDS:**

23 NY Jur, Foreign Corporations §§ 88, 89.
20 Carmody-Wait 2d, Actions and Proceedings By and Against Corporations, Their Officers, Directors, and Shareholders §§ 121:68, 121:73, 121:75, 121:77.

**Forms:**

See "FORMS" heading following "CASE NOTES", infra.

## CASE NOTES

Under provisions of subd b of above statute, service upon corporation is complete when Secretary of State is served in accordance with such subdivision and such a corporation's failure to receive duplicate copy of summons and complaint mailed to it by such Secretary in and of itself and without excuse, does not furnish a ground for opening a default judgment against it; where it is clear that corporation's failure to receive notice was through its own fault or design since envelope containing it was mailed to address listed in certificate of incorporation there is no valid reason for opening the default in the absence of any meritorious defense. Cascione v Acme Equipment Corp. (1965, 1st Dept) 23 AD2d 49, 258 NYS2d 234.

Where the method of service of process, chosen by





the plaintiff was r
Rosman v Clark (
278 NYS2d 39.
It was abuse of di
alty for trial cour
defendant's motio
where defendants
when it was served
where defendant h
had been actively
New York. Lang v
48 AD2d 641, 368
Where plaintiff in
served summons
State, but due to
mailed to corporat
was excusable, an
vacating default ju
parel, Ltd. (1976,
NYS2d 511.
In action to recov
cess was complete
served, and cour
though summons w
defendant. Micarell
1st Dept) 52 AD2d
Where address of d
commissioners of S
men's compensatio
not updated and
ceived notice of la
cover difference in
tion, defendant act
default judgment,
articulated meritori
ing dry dock paint
dock" or a "vessel
insurance purposes,
ous defense were
default was provide
State Ins. Fund v
Inc. (1977, 1st Dep
224.
Defendant was ent
judgment in an act
where defendant's
unintentional failur
State with its new c
sible for the Secret
summons and com
papers indicated th
ous defense to the
for vacating the de
quired to pay $25C
the inconvenience c
Delsener Enterpris
AD2d 712, 444 NY
Where plaintiff suc
action under § 404
Act, § 306(c) of the
not limit the jurisd
effect personal juri
dant by service up
150 West Sunrise

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me(1) | DATE 6/4/04 |
|---|---|
| NAME OF SERVER (PRINT) ERIC DeSORMEAUX | TITLE PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other (specify): SEE Attached Affidavit of SERVICE

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 6/4/04
Date

[signature]
*Signature of Server*

*Address of Server*
COMPASS INVESTIGATIONS
408 S. ANDREWS AVENUE
SUITE 205
FORT LAUDERDALE, FL 33301

"Exhibit L"

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.