UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 03-23243-CIV-JORDAN/Magistrate Judge Brown

KING'S JEWELERS, INC.

    Plaintiff

v.

BRYAN WILLIAMS,
a/k/a BIRDMAN,

and

CASH MONEY RECORDS, INC.

    Defendants.
_____/

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER
WITH SUPPORTING MEMORANDUM OF LAW**

Pursuant to Local Rule 7.1, S.D.Fla.L.R., Defendants, Bryan Williams a/k/a Birdman ("Williams") and Cash Money Records, Inc. ("CMR") (collectively "Defendants"), move for a protective order with respect to Plaintiff's attempt to set Williams for deposition on July 12, 2004. In support, Defendants state the following.

On June 23, 2004, Plaintiff attempted to set Williams for deposition on July 12, 2004 in North Miami, Florida. Exhibit A, Notice of Taking Deposition. The Court should preclude Plaintiff from deposing Williams for two reasons. First, Plaintiff has failed to effect proper service of process on either Williams or CMR.[1] As a result, setting Williams for deposition, either in his personal capacity or as CMR's corporate

---

[1] In an effort to avoid burdening the Court, Defendants incorporate their Motion to Dismiss and Strike Plaintiff's Amended Affidavit of Service and Supporting Memorandum of Law ("Motion to Dismiss"). (DE #32). The Motion to Dismiss fully addresses this issue.

representative, is improper. Second, Williams is unavailable from July 12, 2004 through July 16, 2004, due to pre-arranged business commitments. Exhibit B, Declaration of Bryan Williams. Accordingly, the Court should strike Plaintiff's Notice of Deposition.

Should the Court deny this motion to the extent it seeks to prevent Williams's deposition, the Court should require the deposition to take place in Metairie, Louisiana. It is well-established that a plaintiff cannot force a non-resident defendant who has not sought affirmative relief to appear in the forum of the action for deposition. See Lexington Ins. Co. v. Commonwealth Ins. Co., 1999 WL 33292943, *9 (N.D. Cal. 1999); Baron v. Strawbridge & Clothier, 1986 WL 7635, *2 (E.D. Pa. 1986); Fortune Ins. Co. v. Santelli, 621 So. 2d 546 (Fla. 3rd DCA 1993); Prevost Car, Inc. v. Vehicles-R-Us, Inc., 658 So. 2d 668, 668 (Fla. 5th DCA 1995); Espana v. Redneris, 661 So. 2d 1295, 1296 (Fla. 4th DCA 1995). The reasoning behind this rule is that "it is the plaintiff who brings the lawsuit and thereby exercises the first choice as to forum." See, e.g., Payton v. Sears, Roebuck and Co., 148 F.R.D. 667, 669 (N.D. Ga. 1993); Farquhar v. Sheldon, 116 F.R.D. 70, 72 (E.D. Mich. 1987). As a result, "plaintiffs cannot complain if they are required to take discovery at great distances." Sheldon, 116 F.R.D. at 72. Consistent with this rationale, the rule also is based on the desire to avoid the burden and expense the defendant would incur in traveling to a forum he or she has not chosen. Baron, 1986 WL 7635 at *2.

It is equally well-established that the deposition of a corporate defendant's representative should take place at the corporation's principal place of business. See

Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979)[2]; Payton, 148 F.R.D. at 669. The same reasoning articulated above applies here. Id. This is true even where, as in the present case, a defendant has removed the case to federal court. Id.; Sheldon, 116 F.R.D. at 73.

Accordingly, in the event the Court allows Plaintiff to depose Williams, it should require the deposition to take place in Metairie, Louisiana. Metairie is where Williams resides and CMR has its principal place of business. Requiring Williams to travel from Metairie to Miami would impose an undue burden and expense upon him. See Dunn v. Standard Fire Ins. Co., 92 F.R.D. 31, 32 (E.D. Tenn. 1981). The Court should require any deposition of Williams to take place in Metairie, regardless of whether Plaintiff deposes Williams in his personal capacity or as CMR's corporate representative.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down on or before September 30, 1981.

**WHEREFORE**, Defendants respectfully request that the Court enter an Order precluding Plaintiff from deposing Williams. Alternatively, Defendants request that the Court strike Plaintiff's Notice of Deposition based on Williams's unavailability on July 12, 2004. Finally, in the event the Court allows Plaintiff to depose Williams, Defendants request that the Court order the deposition to take place in Metairie, Louisiana.

>CLARKE SILVERGLATE CAMPBELL
>  WILLIAMS & MONTGOMERY
>Attorneys for Defendants
>799 Brickell Plaza, Suite 900
>Miami, Fl 33131
>Phone: 305/377-0700
>Fax: 305/377-3001
>
>By _____
>  Spencer H. Silverglate
>  Florida Bar No. 769223
>  Hannesson I. Murphy
>  Florida Bar No. 0128589
>  Matthew K. Cordis
>  Florida Bar No. 0590541

## CERTIFICATE OF SERVICE

We hereby certify that a true and correct copy of the foregoing was faxed and mailed to Charles Fox Miller, MILLER, SCHWARTZ & MILLER, P.A., 2435 Hollywood Blvd., Hollywood, FL 33020 this July 6, 2004.

By _____ (for)
Spencer H. Silverglate

151138v1/491-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 03-23243-CIV-JORDAN/Magistrate Judge Brown

KING'S JEWELERS, INC.

    Plaintiff,

v.

BRYAN WILLIAMS, a/k/a
BIRDMAN, and CASH MONEY RECORDS, INC.

    Defendant.
_____/

## NOTICE OF TAKING DEPOSITION

TO:   Spencer H. Silverglate, Esquire
       Clarke Silverglate Campbell
       Williams & Montgomery
       799 Brickell Plaza, Suite 900
       Miami, Florida 33131

**PLEASE TAKE NOTICE**, the Plaintiff in the above styled cause will take the deposition by oral examination for purposes of discovery and for use as evidence in said cause, or both, of

| **WITNESS** | **DATE/TIME** | **PLACE** |
|---|---|---|
| Bryan Williams a/k/a Birdman | 07/12/04, 10:00 a.m. | Esquire Deposition Svcs. 1021 Ives Dairy Road Suite 214, Bldg. 3 No. Miami, FL 33179 |

Said deposition will be taken before Esquire Deposition Services, or any officer authorized to administer oaths by the laws of the State of Florida, and a person who is neither a relative, nor employee, nor attorney, nor counsel of any of the parties and who is neither a relative nor employee of such attorney or counsel, and who is not financially interested in this action.

EXHIBIT A

Case No. 03-23243-CIV- JORDAN
King's Jewelers, Inc. v. Bryan Williams a/k/a Birdman and
Cash Money Records, Inc.

Said deposition to be taken pursuant to the Florida Rules of Civil Procedure in such cases provided. The said oral examination will continue from day to day until completed.

**I HEREBY CERTIFY** that a true and correct copy of this Notice of Taking Deposition was furnished by U.S. Mail and Facsimile Transmission to the above-named addressee, this 23rd day of June, 2004.

**MILLER, SCHWARTZ & MILLER, P.A.**
Attorneys for Plaintiff
2435 Hollywood Boulevard
Hollywood, Florida 33020
Telephone: (954) 924-0300
Telefax: (954) 924-0311

By: _____
MICHAEL B. GILDEN
FLA. BAR NO. 0569801
CHARLES FOX MILLER
FLA. BAR NO. 0970270

cc: Esquire Deposition Services

In accordance with the Americans With Disabilities Act of 1990 (ADA), persons who are disabled and who need a special accommodation to participate in this proceeding because of that disability should contact this court division at (305) 831-7802 not later than five business days prior to the proceeding. The TDD line for the hearing impaired is (305) 831-8288.

(2)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 03-23243-CIV-JORDAN/Magistrate Judge Brown

KING'S JEWELERS, INC.

    Plaintiff

v.

BRYAN WILLIAMS, a/k/a
BIRDMAN, and CASH
MONEY RECORDS, INC.

    Defendants.
_____/

## DECLARATION OF BRYAN WILLIAMS

I, Bryan Williams, declare pursuant to 28 U.S.C §1746 as follows:

1.    I am over 21 years of age and have personal knowledge of the facts herein.

2.    I am the Chief Executive Officer of Cash Money Records, Inc.

3.    I am unavailable from July 12, 2004, through July 16, 2004, due to business commitments in Los Angeles, California. These business commitments predated Plaintiff's Notice of Deposition.

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 6, 2004.

_____
Bryan Williams

491-1/152358



EXHIBIT B